### JULIA A. CLARK ET AL. v. E. A. CATTRON ET AL.

Decided March 13, 1900.

**1. Construction of Will.**

The will of a testator, after reciting that he considered all the property, real and personal, then held and owned by himself to be community property of himself and his then wife, E. A., and all debts to be community debts, devised all his property to the wife for life, in trust for the benefit of herself and her minor children, she to be at liberty to dispose of any of the personal property for the use of herself and such minors, and at her death all of the testator's estate then remaining to be distributed equally between all of the testator's children, including those by a former wife. Such latter children brought an action to construe the will, claiming that all the property was in fact the testator's separate property, though prima facie community, and that all of it passed by the will to the children, and that as the wife was claiming title in fee to the estate, she had repudiated the trust. Held, that if the wife, as tenant for life under the will, was claiming title in fee, the remaindermen could maintain an action to construe the will and determine the status of the title, although they might have no right of present possession.

**2.  Same—Trustee Claiming Adversely to Trust—Forfeiture.**

Plaintiffs averred that they did not know that the wife was so asserting title in herself to the entire estate until the filing of her answer in the case. By reference to such answer it appeared that she was only asserting title in fee to one-half the estate, and a life interest in the other half, in exact accordance with the will. Held, that this was not an allegation of such facts as would forfeit her life estate and give a right of present possession to plaintiff.

**3.  Same—Mistake—Bequest Not Inferred.**

The recital in the will that the property was community property did not make it .so, or change its legal status, and a bequest to the wife of one-half the entire property will not be inferred from the recital that the testator considered it community property.

**4.  Same—Intention Controls.**

But in this case such rule of construction must yield to the evident purpose of the testator as gathered from the entire will, which was that the property should pass according to its. then apparent community status as evidenced by the deeds thereof to himself, and as he had the right to so treat it, to construe the will otherwise would be to defeat his clear intention; and plaintiffs' petition was therefore properly held by the trial court to show no cause of action.

APPEAL from Kaufman.  Tried below before Hon. J. E. DILLARD.

*Huffmaster & Huffmaster,* for appellants.

*H. M. Cosnahan* and *Lee R. Stroud,* for appellees.

GILL, ASSOCIATE JUSTICE.—The appellants, Julia A. Clark, joined by her husband, George W. Clark, James P. Smith, Nancy J. Smith, and Mary E. Grey, joined by her husband, J. R. Grey, instituted this suit on April 10, 1899, in the District Court of Kaufman County, Texas, against Mrs. E. A. Cattron, formerly Mrs. E. A. Smith, and her husband, J. B. Cattron, Annie C. Cleer and her husband, Gilbert Cleer, George E. Smith, and Calvin Smith, to construe the will of Jacob L. Smith, deceased, and to fix the legal status of the property belonging to his estate.

On September 12, 1899, appellants filed an amended petition, indorsed as an action of trespass to try title, in which they sought to try title to an undivided half interest in 1040 acres of land, and to have the will construed with reference thereto.

To this a general demurrer was sustained, and appellants, refusing to amend, have appealed from the judgment rendered on demurrer. This amended petition is quite lengthy, and it is not deemed necessary to set it out at length in this opinion. A brief statement of its substance will be sufficient for our purpose.

It was therein alleged that plaintiffs, Julia A. Clark, James P. Smith, Nancy J. Smith, and Mary E. Grey are the children of Jacob L. Smith, deceased, by his first wife. That Mrs. E. A. Cattron was his second wife, and after his death married J. B. Cattron. That Annie C. Cleer, George E. Smith, and Calvin Smith are children of deceased by his second wife. That Warren S. Smith was also a child of the first marriage, but has died unmarried and intestate since the death of

their father, and they sue also for the interest in their father's estate which they inherited from him. That Thomas H. Smith, one of the children mentioned in the will of Jacob L. Smith, deceased, had thereafter conveyed his entire interest in the estate to the surviving widow, and for that reason was not made a party to this suit. That the land sued for, though acquired during the existence of the marriage between Jacob L. Smith, deceased, and E. A. Smith (now Cattron), was in fact purchased and paid for with the separate funds of said Jacob L. Smith, and was therefore his separate property. That Jacob L. Smith died in Kaufman County, Texas, on the 15th day of December, 1879, leaving an independent will which was thereafter duly probated at the instance of J. C. Maples, named therein as independent executor.

The will is then set out in full as a part of the amended petition, as follows: "It is my will and desire that my funeral expenses and all my just debts be paid; all the property both real and personal of every kind and character now held and owned by me, I consider community property of myself and my wife, Elizabeth A. Smith, and all the debts owing by me of any kind or character I consider community debts of myself and wife, Elizabeth A. Smith.

"I will and bequeath my interest in said property as follows, viz: I will and bequeath to my beloved daughter, Mary E. Grey, one hundred dollars in personal property at a fair cash valuation, to be paid to her twelve months after the probation of this will.

"I will and bequeath unto my beloved wife Elizabeth A. Smith all of the remainder of my property both real and personal that is left after paying all my just debts and the bequest to my daughter, Mrs. Mary E. Grey, to be held in trust during her lifetime for the use and benefit of herself and the use and benefit of raising and educating our four minor children, viz., Warren S. Smith, Calvin S. Smith, George E. Smith, and Annie C. Smith, provided either of the above named minor children should become of age or marry during my wife's lifetime she is to pay to either one or all becoming of age or marrying one hundred dollars in property at a fair cash valuation.

"It is furthermore my will that my wife be at liberty to dispose of any of the personal property she may see fit for the use of herself and minor children. It is my will and desire that at the death of my wife, Elizabeth A. Smith, all the remainder of my estate be divided between my nine children, viz., James P. Smith, Julia A. Clark, Nancy J. Smith, Thomas H. Smith, Mary E. Grey, Warren S. Smith, Calvin S. Smith, George S. Smith, and Annie C. Smith, so that each child shall share and share alike, counting any former advances made to either of them, I having in my past life advanced to James P. Smith, Julia A. Clark, Nancy J. Smith, and Thomas H. Smith each one hundred dollars.

"It is my will and desire that the probate court have nothing to do with this will more than to probate it and receive an inventory of the property."

It is then alleged that each of the $100 bequests have been paid according to the terms of the will, the minor heirs having long since attained their majority, and that the executor has discharged his trust and ceased to act as executor for more than ten years. That said executor is dead and that further administration is unnecessary. That Mrs. E. A. Smith (now Cattron) has had charge of said estate in trust under the terms of the will ever since the death of Jacob L. Smith, and had discharged every trust imposed except that she still held the fee in the land in trust for the children of said Smith, deceased, she having only a life estate therein under the terms of the will.

That in March, 1899, she repudiated the last named trust and set up claim to the land in her own right; that this claim was unknown to plaintiffs until by her pleading filed in this cause on September 5, 1899, she gave notice to these plaintiffs that she had repudiated the trust and was setting up claim to the land in her own right. That on the last named date said E. A. Cattron unlawfully entered upon the land, ejected plaintiffs therefrom, and unlawfully withholds possession thereof from plaintiffs.

That by the terms of the will the entire estate of Jacob L. Smith was to be divided equally among his nine children at the death of E. A. Smith (now Cattron), and at the death of their father the plaintiffs became the sole owners of the fee.

That said E. A. Smith, having repudiated the trust and asserted absolute title in herself, has lost her right to her life estate therein, and the property is now subject to partition among the devisees named in the will. That deceased owned in his separate right at the date of his death the real estate sued for, and about $800 worth of personal property. That the personal property has been properly disposed of under the terms of the will, and the surviving wife being entitled only to a life estate in the realty, plaintiffs are the owners of the fee in proportion to their respective interests, and are remaindermen with right of possession at his death.

Plaintiffs then make as a part of this pleading a succinct statement of their contentions as follows: "(1) That the testator, Jacob L. Smith, did not die intestate as to any part of his estate; (2) that Elizabeth Smith (now Cattron) did not take under said will any of decedent's lands except a trust therein for life; (3) that all of said land, being the separate property of the testator, passed to his children by the terms of the will; (4) that the mere declaration by the testator in the will that he considered all his property community property does not alter the status of the property as fixed by law."

Then follows a prayer for the construction of the will, and that they be quieted in their title as contended for by them, for partition, and for general relief.

If the petition contains a distinct allegation that the surviving widow of Jacob L. Smith is asserting in herself the title in fee to the entire estate, then a cause of action is clearly alleged as to an undivided interest

in the land, for the reason that the will distinctly bequeaths to the widow only a life estate in testator's community interest in the land in question, with remainder to the children at her death. The fact that no present right of possession is averred would not defeat the action. It is sufficient that the life tenant is in possession and asserting title to the fee adversely to the rights of the remaindermen. Tevis v. Armstrong, 71 Texas, 62; Cattle Co. v. State, 68 Texas, 526; Raines v. Wheeler, 76 Texas, 390.

It is equally clear that no facts are alleged which would forfeit the widow's life estate or give right of possession and partition to plaintiffs. The averment in the petition is that plaintiffs did not know that the surviving widow, Mrs. E. A. Cattron, was so asserting title to the fee until the filing of her answer in this cause on September 5, 1899. Since a part of the record is thus referred to in the petition, it is proper to resort to it in ascertaining the meaning of this averment. An inspection of the answer thus referred to discloses the fact that she asserts title only to an undivided half interest and a life estate in the remaining half in exact accord with the terms of the will. There is thus seen to be no averment that she is asserting absolute title to the entire estate, and whether or not sufficient remains to state a cause of action will depend on the result of the inquiries, (1) whether a bequest to the wife may be inferred from the recital in a will that the testator considered the property the community property of himself and wife; and (2) if it can not, does this rule of construction control in determining the testator's intention as gathered from the will in question?

The first query, treated as an abstract question, is one of no difficulty, and one upon which the authorities are in practical accord. In Clamorgan v. Lane, 9 Missouri, 446, the will in question contained the distinct declaration that it was the purpose of the testator to give all her children the same advantages in the matter of property. She then proceeded to bequeath her estate equally to all her children, except one to whom she gave nothing, stating in explanation that his uncle had already by his will placed him in a better position than she could possibly do. After her death it was discovered that the property so willed to him by his uncle in fact belonged to his deceased mother, the testatrix above mentioned, and that the uncle had not the power to convey it. A majority of the court held, on this state of facts, that the property so willed by the uncle did not pass to the devisee, even though by the effect of this holding the devisee was practically disinherited, and notwithstanding the fact that his mother in her will had expressed a contrary desire. This conclusion was well supported by the authorities cited, but one of the justices entered a vigorous dissent, citing, however, no authority in support of his views.

In Hatch v. Ferguson, 33 Lawyers' Reports Annotated, 759, the property in question was in part, prima facie, the separate property of the testator, and in part the property of the wife. In his will he bequeathed his entire estate to his children, except a bequest of $5 to his

wife. In a subsequent clause he described the estate devised as a one-half community interest in the community property now owned by himself and wife. The court held that this description did not change the legal status of the property, and that by the terms of the will the separate estate of testator went to the children, unaffected by this expression in the will.

Each of these cases, and indeed the reasoning and authorities upon which they are based, proceed upon the idea that the reference to the property as belonging in whole or in part to another is mere matter of description, and the will can not properly be construed as bequeathing property expressly declared not to be the property of the testator, and inasmuch as other portions of the will devise the entire estate to the devisees named, the entire estate passes, notwithstanding the mistake of the testator as to what he actually owned. It seems to us, however, to be after all but the ascertainment of the real intention of the testator, resulting from the application of established rules for discovering that intent. That a bequest will not be implied from such a recital alone is well sustained by authority. 1 Jarman, Wills, 525; 26 Am. and Eng. Enc. of Law, 383, and authorities cited.

In Gaines v. Spann, 2 Brock, 81, it is held that nothing passes by such recitals used clearly by mistake. Mr. Jarman also seems to base the rule on the supposition that the testator was laboring under a mistake.

While this rule of construction is thus well established, we are of opinion that it does not control in the construction of the will in question. In Ferguson v. Hatch, supra, the property which the testator undertook to devise was, as to one tract, his separate property, and as to the other, was the separate property of his wife. Here the property devised was prima facie the community of the husband and wife. Its status is so fixed by law. To make it appear otherwise it is necessary to prove facts not only extraneous of the will but of the deed by which the property was acquired.

The facts alleged were peculiarly and necessarily within the knowledge of the testator. No mistake or misapprehension on his part is averred, and the facts set out showed none, and indicate on his part a knowledge of the law of community property. The estate was administered by the executor as its status was fixed by the will, and the widow has had charge of the property, discharging the trusts, paying the bequests, and handling the realty according to the plain import of the will for a period of nineteen years.

It is well settled that all canons of construction must yield to the evident purpose of the testator as gathered from the entire will. Courts refuse to be hampered by any rule of construction which would sacrifice the testator's true meaning. Schouler, Wills, 518. We think it clear that the testator intended that the property should pass according to its then status as evidenced by the deed. He not only plainly declares that his interest which he undertakes to bequeath is a community interest of an undivided one-half, but likewise declares that all the debts were

community debts, and upon this theory all the personal property has been disposed of. He had the undoubted right to so treat it, and having knowledge of all the facts it was his evident purpose to do so, and to construe the will otherwise would serve to defeat the clear intention of the testator. The terms of the will evidence on the part of the testator not only a warm affection for his wife and a solicitude to provide amply for her, but in committing the property to her care and charging her with the care and maintenance of his minor children, evidenced great confidence in her.

We think the will as set out in appellants' pleading is incapable of the construction for which they contend, and the court properly held that the petition stated no cause of action.

We consider it unnecessary to discuss the other reasons urged for upholding the judgment of the court. Because we have found no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.