## SHINDLER et al. v. COOKE.

### No. 8170.

Court of Civil Appeals of Texas. Austin. Dec. 31, 1935.

Rehearing Denied Jan. 22, 1936.

Harris & Harris, of Austin, for appellant.

Robert B. Thrasher, of Austin, for appellee.

BLAIR, Justice.

Appellee Ellen Cooke instituted this proceeding as independent executrix of the will of Mollie Cooke, deceased, for the purpose of construing certain portions of the will. After providing for the payment of her just debts, testatrix, by paragraph 2 of her will, devised and bequeathed to her sister, appellee Ellen Cooke, certain properties in her possession and name, in fee simple; and by paragraph 3 testatrix devised and bequeathed to said Ellen Cooke "three-fourths of all the rest and residue of my property and estate * * * in fee simple." By paragraph 4 testatrix devised and bequeathed to her niece Sophie Shindler "one-fourth of all the rest and residue of my property and estate * * * in fee simple." Appellee named as defendants Anne Cooke and Sallie Cooke, sisters of testatrix, and Sophie Shindler, a niece of testatrix. She alleged: that Sophie Shindler was a devisee under the will; that Anne and Sallie Cooke were asserting some right or interest in testatrix's estate, the nature of which being unknown to appellee; that it was doubtful whether the will provided that Sophie Shindler should take only one-fourth of one-fourth of the residue estate, or whether she should take one-fourth of the entire estate. Sallie Cooke and Sophie Shindler waived citation, and each of them prayed that the will be construed as devising and bequeathing to Sophie Shindler one-fourth of the entire residue estate. Anne Cooke filed a general demurrer and general denial, and a special plea that the will had been construed as between herself, appellee, and Sallie Cooke by a written contract. This contract was made in consideration of Anne Cooke withdrawing her contest of the probation of the will. It construed the will as having devised and bequeathed to Sophie Shindler one-fourth of the entire residue estate of Mollie Cooke, de-

ceased. The contract concerned only the three-fourths of the residue estate devised and bequeathed to Ellen Cooke by paragraph 3 of the will, and provided that: "It is agreed and understood that the said Sophie Shindler shall receive the property bequeathed to her by the said will independent of this contract."

The trial court construed the will as devising and bequeathing to Sophie Shindler one-fourth of the entire residue estate. The judgment further decreed that title to all of the property be vested in Ellen Cooke and Sophie Shindler, in accordance with this construction of the will, but subject to the written contract. Anne Cooke alone has appealed. She does not contend that the will was wrongfully construed, but contends that the suit should have been dismissed, because the will was unambiguous and needed no construction, and because the suit to construe the will was prematurely brought; it being her contention that no immediate division of the property was anticipated.

■ Standing alone, paragraph 4 is susceptible of the construction that testatrix intended to devise and bequeath to Sophie Shindler only a one-sixteenth of her residue estate; but when construed as a whole the will evidences the intention of testatrix to dispose of her entire estate and to devise and bequeath three-fourths of the entire residue estate to Ellen Cooke and one-fourth of such entire residue estate to Sophie Shindler. Appellant in no manner contested this construction of the will, except by the general denial filed by her. The written contract pleaded by her so construed the will, and the judgment recognized and gave effect to the contract. However, the pleadings and evidence of appellee showed that there had arisen a question as to whether the language of paragraph 4 of the will was susceptible of the interpretation that testatrix intended that Sophie Shindler should take only a one-fourth of a one-fourth of the residue estate, thereby leaving a three-sixteenths of the residue estate undisposed of by the will. The appellee executrix, therefore, had the right to have the will construed.

■ Under the rule in this state that where the construction of a clause of a will is doubtful, and it is shown that the executor or executrix will in all probability be presently called upon to act under the will, it is his or her duty to apply to a court of competent jurisdiction for its construction, and that such an action shall be entertained in the district court which has jurisdiction to construe wills. Thornton v. Zea (Tex.Civ.App.) 39 S.W. 595; Clark v. Cattron, 23 Tex.Civ.App. 51, 56 S.W. 99; Cousins v. Cousins (Tex.Civ. App.) 42 S.W.(2d) 1043; Goldsmith v. Mitchell (Tex.Civ.App.) 57 S.W.(2d) 188.

■ Not only the will in the instant case, but the contract entered into by and between appellant and the executrix, contemplated that the portion of the estate devised and bequeathed to Sophie Shindler should be presently delivered to her. The contention of appellant that the suit was prematurely brought is, therefore, not sustained.

■ The remaining question raised by appellant relates to the jurisdiction of the trial court to render judgment vesting title to the property and estate in Ellen Cooke and Sophie Shindler, the only devisees and legatees under the will. Article 8282, R.S. 1925, provides that the will vests the title in the devisees and legatees, and the judgment so decreeing title was probably superfluous. But since the suit was merely to construe the will in the particular alleged, and since there were no pleadings to support the portion of the judgment or decree vesting title in the devisees and legatees under the will, the judgment or decree is modified or reformed so as to delete the decree vesting title in the devisees and legatees; but the portion of the judgment or decree construing the will is affirmed in all things.

Modified and affirmed.