## SIMPSON v. UNITED PRODUCTION CORPORATION et al.

### No. 13885.

Court of Civil Appeals of Texas. Fort Worth.

April 28, 1939.

Geo. T. Wilson, of San Angelo, and Newland, Cornett & Whitworth, of Linden, for appellant.

John C. Bybee, of Houston, pro se.

Carl W. Wade and E. S. McCord, both of Dallas, for appellees Edmund Key et al.

Carney & Carney, of Atlanta, for appellees R. W. Norton et al.

Vinson, Elkins, Weems & Francis and Thomas Fletcher, all of Houston, for appellees United Production Corporation et al.

BROWN, Justice.

J. D. Simpson, appellant, who is a son of Mrs. Margaret Virginia Simpson, brought suit against the appellees, alleging that he is a son of the said Margaret Virginia Simpson; that his mother is now living; that the lands in controversy were willed by his deceased grandmother, Ruth J. Shelton, to his said mother during her lifetime, and that such will vested the remainder in him and in his brothers and sisters. He alleged that he had purchased the interests

of his brothers and sisters, and is now the sole owner of the estate in remainder.

He sued in trespass to try title, and also prayed for a construction of his grandmother's will, and alleged that it was the intention of his grandmother to vest only a life estate in the tract of land in his mother and to vest in him and his brothers and sisters title to the remainder in fee.

The suit is brought against those who hold under conveyances made by Mrs. Margaret Virginia Simpson.

The lands are valuable oil producing properties, and the appellant sues for the oil taken therefrom and to prevent waste.

The trial court sustained a general demurrer to appellant's petition, and he having declined to amend, the suit was dismissed. An appeal was taken to the Court of Civil Appeals for the Texarkana District and the cause was by the Supreme Court transferred to this court.

In appellant's pleading, he set up in haec verba his grandmother's will, the provisions of which he relies upon for recovery.

The will discloses that the grandmother had several children and heirs other than Margaret Virginia Simpson.

The provisions of the will on which appellant rests his case are found in the fourth paragraph and are: "I will and bequeath to my beloved daughter, Margaret Virginia Simpson, a life estate in and to 80 acres of land, more or less, lying in Cass County, Texas, being my present homestead, adjoining Jim George, and in case of the death of my said daughter, Margaret Virginia Simpson, before my demise, then and in that event the said 80 acres of land to descend to her heirs and be divided among them according to the laws of descent and distribution of the State of Texas."

It is disclosed by the will that there is no other provision therein whereby any disposition of the 80 acres tract is made, or attempted to be made.

The contention of appellees is that, giving the most liberal construction to the will, and disregarding the contingency, viz: "and in case of the death of my said daughter, Margaret Virginia Simpson *before my demise*" (italics ours), then the rule in Shelley's case must be applied and Margaret Virginia Simpson took the fee simple title to the lands, under the terms of the will.

It is also contended that the devise of the remainder interest was a contingent devise expressly and unambiguously provided for only in the event Margaret Virginia Simpson should predecease the testatrix, and appellant's petition having disclosed that Margaret Virginia Simpson survived the testatrix, the contingency upon which the devise was made lapsed, and appellant's pleading shows that he had and acquired no interest in the lands, by virtue of the will of his grandmother.

We shall consider the last mentioned contention, and if it be found well taken, there is no necessity for a discussion of properly applying the rule in Shelley's case.

We find no ambiguity in the will. The remainder, for which provision was made, is purely contingent. The language is clear that this remainder to the heirs of Margaret Virginia Simpson depends upon Margaret Virginia Simpson dying before the testatrix died. She outlived the testatrix and the contingency not only did not happen but it can never happen.

We see no merit in the contention that no other provision is found in the will regarding this 80 acres of land, in the event Margaret Virginia Simpson survived the testatrix, and that the disposition of the lands must be read into the quoted paragraph of the will so as to absolutely vest title in the heirs of Margaret Virginia Simpson as remaindermen, at the time of the death of the testatrix.

When a devise lapses and there is no effective residuary clause in the will, that portion of the estate, for which the devise lapsed, will vest in the heirs of the testator, according to the laws of descent and distribution. It simply means that the testator died intestate as to such portion of his estate. Hagood v. Hagood, Tex.Civ.App., 186 S.W. 220, writ refused; Munger v. Munger, Tex.Civ.App., 298 S.W. 470, writ refused.

In order to prevent a lapse, it must clearly appear that the testator intended to prevent a lapse and the testator must have expressly designated the person or persons whom he intended should take the devise or legacy, in case the contingency upon which the devise fails, or in case of the death of the donee who is first named. 44 Tex.Juri. p. 808, para. 239; Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148.

We hold that whatever interest appellant and his sisters and brothers may have, under the will of their grandmother, was contingent upon their mother dying prior to the demise of their grandmother, and the mother having survived the grandmother, appellant and his brothers and sisters take nothing by virtue of the provisions of the will.

Having reached the conclusions noted, we see no necessity in discussing the will as it may relate to the rule in Shelley's case.

For the reasons stated, the judgment of the trial court is affirmed.