## QUITTA v. BRIER et al.

### No. 11024.

Court of Civil Appeals of Texas. Galveston.

Oct. 24, 1940.

Rehearing Denied Nov. 21, 1940.

Charles Fertsch, of Hallettsville, for appellant.

Paul C. Boethel, of Hallettsville, for appellees.

GRAVES, Justice.

This cause has been submitted to the court upon the record and the briefs, without the benefit to it of oral argument, due in large measure to the fact that at that time the able counsel for both parties were engaged in rendering their professional assistance in their home county to the draft boards and registrants in the initiation there of the new Federal Draft Law.

However, the briefs have fully covered the questions involved, and this decision of them is based upon these presentments, along with the record.

This statement from the brief of the appellees is thought to be correct, not only as to the nature and result of the proceedings below, but also as to the questions involved here:

"As filed and tried this is a trespass to try title suit, filed in the district court of Lavaca County, Texas, by Bettie Brier, joined pro forma by her husband, J. E.

Brier, against Mary Quitta, a feme sole, of Lavaca County, Texas. The property involved was the west one-half of Block 39 of the original town tract of the City of Hallettsville, Lavaca County, Texas, and the common source of title was J. M. Vesmirovsky, deceased, under the terms of whose will and the codicil thereto both the appellant and the appellees asserted title and claim to the property in dispute. Appellees' claim and title were based on provision Eight of the original will of said testator, executed the 17th day of September, A. D. 1936, which in words was as follows:

"'Eighth: I give to my niece Bettie Tichacek, of Hallettsville, daughter of my deceased sister, Mrs. Annie Tichacek, the property and premises known as the Eilers property in the City of Hallettsville, now occupied by Gus Sciba; it being the same property bought by me from Wm. Eilers in the Eastern part of Hallettsville.'

"Appellant's claim and title were based on two instruments:

"First, under provision Nine of the Codicil to the Will of the aforesaid J. M. Vesmirovsky, executed on the 9th day of September, A. D. 1938, which in words was as follows:

"'Ninth: Said clause "Ninth" shall hereafter read as follows: "I give to my sister, Mrs. Mary Quitta, of Lavaca County, Texas, my home place now and heretofore for many years used by me as my residence together with all furniture and household supplies therein and used in connection therewith. Said property is on East Fourth Street in the City of Hallettsville, in Lavaca County, Texas"';

"Second, under a deed of conveyance, dated Dec. 30, 1938, executed by L. P. Quitta and Alois Morkovsky, as independent executors of the Estate of J. M. Vesmirovsky, deceased, to Mary Quitta, purporting to convey to the said Mary Quitta the Southwest one-fourth of Block 39, or the South one-half of the west half of Block 39, of the original town tract of the City of Hallettsville.

"Said will and codicil were admitted on Dec. 5, 1938, to probate by order of Paul H. Fertsch, Judge of the County Court of Lavaca County; * * * Said Executors' deed was filed for record March 1, 1939, and is of record in Lavaca County.

"Appellees' suit was filed September 3, 1939, alleging therein that the recording of said executors' deed, and the facts, matters and description of property therein contained, constituted a cloud upon the title of the appellees. Defendant's answer consisted of a general demurrer, plea of not guilty, and a general denial; the general demurrer was not presented to the court and a ruling thereon invoked.

"On trial of said cause, it was appellees' contention that said executors' deed overreached the bounds of said will and codicil, in that said conveyance purported to convey to appellant a part of the property and premises devised to the appellees in provision Eight under the description of: 'the property and premises known as the Eilers property in the city of Hallettsville, now occupied by Gus Sciba.'

"At the time of the execution of said will, namely Sept. 17, 1936, when such description was employed, the testator lived on the southern part of the west half of Block 39, and the family of Gus Sciba lived on the northern portion. A fence, erected some ten years prior to this time, divided the two premises, the northern portion being approximately 135 feet in depth and the southern about 88 feet. (Dimensions shown by agreement). The executors' deed endeavored to convey to the appellant the southern half of the west half of Block 39, or premises 111 feet in depth, thereby overlapping the grant in the will to the appellees by some twenty-four or twenty-six feet.

"A sketch is enclosed showing the relative position of the various grants, which sheds light upon the property and premises involved.

"The appellant contended that the testator in his will and codicil left uncertain the dividing line between the property and premises known as the Eilers property, then occupied by Gus Sciba, and that of the testator's home place; that, there being doubt, the executors' power and authority to divide and partition the same was invoked, and that the executors' deed to Mary Quitta to the southern half of the west half of Block 39 was an equitable division of the properties.

"Judgment was rendered by the court—sitting without a jury—for the appellees to such part of the west half of Block 39 as were occupied by Gus Sciba on Sept. 17, 1936, namely such part as extended to the fence hereinbefore mentioned, and described by metes and bounds in said judgment, in accordance with dimensions agreed upon on trial of said cause."

# Plat - West ½ Block 39

Bettie Brier

N

134 feet

Promenade Street

222 feet

DivisionLine — Executor' deed

Disputed Area

23 ft

Joe Zabbe Property Line

Fence Line

Mary Quitta

It is concluded that the judgment is correct and should be affirmed; that the cause was entertainable as one in effect to construe the will involved, if not otherwise, and that the pleadings and evidence thereunder were plainly sufficient to support the portion of the court's decree vesting the title and possession of the premises in the appellees that it held went to them anyway under the provisions of the will; since the court held that all the property that had been occupied by Gus Sciba at the date of the will, the precise extent and boundaries of which were shown by the undisputed evidence, had gone to the appellees under the terms of the will, the subsequent action of the executors by their deed, in undertaking to change that grant, may be regarded as an ultra vires act. Shindler v. Cooke, Tex.Civ.App., 90 S.W. 2d 292.

In other words, under the provisions of R. S. Articles 8282 and 3314, the separate devises to these litigants by the testator were specific grants, hence the language of the will itself, which was plain and unambiguous, was controlling, and at once vested their separate properties in each of them accordingly. Dickson v. Dickson, Tex.Com.App., 5 S.W.2d 744; Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149; Jackson v. Templin, Tex.Com.App., 66 S. W.2d 666, 92 A.L.R. 873; Shindler v. Cooke, Tex.Civ.App., 90 S.W.2d 292; 44 Tex.Jur. 778.

Hence, as to these two particular grants, no residuary power was left in the executors to divide and partition the testator's estate, and since neither the will, nor the undisputed facts offered in explanation of its meaning, left any doubt as to the location on the ground of the separate tracts devised, there was no room left for the executors' deed.

Moreover, it seems to have been an undisputed fact that the appellant was claiming under the executors' deed, that she had accepted and filed it for record prior to the filing of this suit in trespass to try title against her. This situation, it is thought, authorized the appellees to maintain—and the court to determine—such a suit as against her. Broughton v. Settegast, Tex. Civ.App., 67 S.W.2d 656; Moody v. Holcomb, 26 Tex. 714.

Furthermore, the dispute as to the location on the ground of the dividing line between the two tracts constituted this action a suitable means of settling it. 41 Tex.Jur. 458, § 5; Permian Oil Co. v. Smith, Tex.Civ.App., 47 S.W.2d 500; Davis v. George, 104 Tex. 106, 134 S.W. 326; Outlaw v. Gulf, Tex.Civ.App., 137 S.W.2d 787.

Under the undisputed facts shown, at the time he made the will the testator lived on the southern portion of the west half of Block 39, the family of Gus Sciba then living on the northern portion; a ten-year old fence then divided the two tracts; the trial court, in response to the conclusive if not undisputed evidence, found that at such time Gus Sciba had used and occupied all of the whole tract lying north of that fence, and that, accordingly, the testator plainly meant by the language of his will to constitute that fence the boundary.

These conclusions require an affirmance of the judgment below; it will be ordered.

Affirmed.