**TAYLOR et al. v. LAFEVERS.**
(No. 156–3128.)

(Commission of Appeals of Texas, Section A.
May 26, 1920.)

1. **Contracts ⬦119—Rule of public policy as to stifling competition at public sales stated.**

Agreements not to bid at public sales, with the design to stifle competition and thereby purchase property for less than its fair value, are against public policy and void; but persons may unite in such numbers as to make the purchase advantageous to themselves, though competition is thereby lessened, provided this junction of interests be without unfair motives or injurious consequences.

2. **Sales ⬦377—Petition construed to show that plaintiff refrained from bidding at public sale in reliance on agreement.**

In an action for refusal to transfer and deliver notes and accounts purchased by defendant with other property at a public sale, a petition, alleging that defendant's agent agreed to let plaintiff have the notes and accounts for a specified sum if he would not bid, and that he did not bid by reason of such agreement, but permitted defendants to purchase the property relying upon such agreement, was susceptible of no other construction than that plaintiff would have continued to bid but for such promise.

3. **Contracts ⬦130—Agreement to give plaintiff part of property purchased at public sale, if he would not bid, void.**

Where a trustee in bankruptcy offered notes and accounts at a public sale, but rejected all bids and offered the notes, accounts, fixtures, and stock of merchandise in bulk, and plaintiff, who was the highest bidder for the notes and accounts, refrained from bidding on the resale in reliance on defendant's promise to let him have the notes and accounts for a specified amount, when but for such agreement he would have bid, the agreement was against public policy and void.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by J. M. Lafevers against P. G. Taylor and another. A judgment for plaintiff was affirmed by the Court of Civil Appeals (198 S. W. 651), and defendants bring error. Reversed and rendered.

Neff & Taylor and Johnston & Hughes, all of Waco, and Chas. L. Black, of Austin, for plaintiffs in error.

Alva Bryan, Cross & Rogers, and Charles B. Braun, all of Waco, for defendant in error.

---

SPENCER, J. Defendant in error J. M. Lafevers sued P. G. Taylor and Taylor-Hanna-James Company, a corporation, for damages sustained by reason of the plaintiffs in error's refusal to transfer and deliver to him certain notes and accounts which he alleged plaintiffs in error had agreed to transfer and deliver to him upon the payment of the sum of $900.

Defendant in error and plaintiffs in error's agent P. G. Taylor were competitive bidders at a trustee's sale in bankruptcy, wherein the trustee offered for sale certain property belonging to the Elk Mercantile Company, of Elk, Tex. The property was first offered for sale in three separate lots, namely, the fixtures, the goods, and notes and accounts, the trustee reserving the right to reject all bids and sell in bulk.

Defendant in error was the highest bidder for the notes and accounts, and the undisputed evidence shows that plaintiff in error P. G. Taylor also bid on the notes and accounts. After having the property offered in separate lots and rejected all bids thereon, the trustee then offered the property in bulk. Defendant in error alleged that, before bidding for the property in bulk commenced, Taylor agreed to let him have the notes and accounts for the sum of $900, provided that he would not bid further, and that, relying upon said agreement, he did not bid on the entire stock, but permitted Taylor to purchase said stock.

The case was submitted to a jury upon a general charge, and a verdict rendered in favor of defendant in error, and judgment rendered thereon. Upon appeal, the Court of Civil Appeals affirmed the judgment. 198 S. W. 651.

Plaintiffs in error contended that the agreement alleged and proved by defendant in error was contrary to public policy, and therefore void; and this presents the only question for our determination.

[1] Agreements not to bid at public sales, with the design to stifle competition, and thereby purchase property at less than its fair value, are against public policy, and void; but persons may unite in such numbers as may be necessary to make the purchase advantageous to themselves, even though the effect be to lessen competition, provided this junction of interests be without unfair motives or injurious consequences. James v. Fulcord, 5 Tex. 513, 55 Am. Dec. 743.

The contract in the present case is manifestly in violation of the general rule announced, and does not come within the exception to this rule.

[2] The defendant in error alleged in his original petition as follows:

"That plaintiff did not bid on said entire stock by reason of his contract and agreement with said P. G. Taylor, but permitted said defendants to purchase said stock, relying upon said contract and agreement with reference to said open accounts."

[3] He testified as follows:

"Before it was sold in bulk I had a conversation with Mr. Pete Taylor about those accounts. Just as Mr. Maxwell started the bids on the entire stock and fixtures and the accounts, and notes altogether, Mr. Taylor came over to where I was sitting and pushed me on the shoulder and said: 'I want to speak to you.' That Mr. Taylor right there. We walked to the front end of the store, and Mr. Taylor wanted to know if I would give $900 for the accounts. I said: 'I will.' He said: 'Now, if you will stay out of the bidding, I will bid the whole thing in with the understanding that you have the accounts,' that I was to have the accounts for $900. I said: 'I will do that. I will stay out with the understanding that you buy the accounts for me,' and he said he would. We walked back, and that about ended with that conversation, and Mr. Taylor went ahead with the bidding, and I didn't bid another time."

The language of the pleading and the proof is susceptible of no other construction than that the defendant in error would have continued to bid on the entire stock, had it not been for the agreement had with plaintiffs in error. The direct result of the agreement was to stifle competition at the sale. It was therefore a contract against public policy—one which courts of equity look upon with disfavor, and which they will not lend their aid in enforcing, unless circumstances clearing it of the unfairness are made to appear. No such circumstances are disclosed by the record in the case; on the other hand, the record as made by the defendant in error shows a contract condemned by law.

It is recommended, therefore, that the judgments of the Court of Civil Appeals and of the district court be reversed, and that judgment be rendered for plaintiffs in error.

PHILLIPS, C. J. We approve the judgment recommended in this case.