**STONE v. BOONE.**

No. 14341.

Court of Civil Appeals of Texas.
Fort Worth.

March 13, 1942.

Rehearing Denied April 10, 1942.

McDonald & Anderson, of Wichita Falls, for appellant.

Kearby Peery, of Wichita Falls, for appellee.

SPEER, Justice.

This suit was originally instituted by T. R. Boone against Jerome S. Stone, individually and as trustee under the will of J. W. Stone, deceased, and against other beneficiaries named in the will, for certain relief, including the fixing of Boone's asserted rights to an interest in the estate

under a purchase by him of a contingent interest belonging to Jerome S. Stone, from the trustee in bankruptcy.

A plea in abatement to Boone's alleged cause of action was sustained and he appealed to this court. The judgment of the trial court at that hearing was reversed and the cause remanded for a trial upon the merits. Boone v. Stone et al., Tex.Civ.App., 142 S.W.2d 936.

Upon the second trial, a jury was had, and Jerome S. Stone urged his cross-action against Boone, wherein he sought to recover of Boone the interest purchased by the latter at public sale made by the trustee in bankruptcy, said to be a contingent interest owned by Stone in the estate of his deceased father, J. W. Stone.

The pleadings of Boone in his claim against Stone are not in the transcript because the judgment reveals that a severance of that action and the cross-action by Stone was had, and only the cross-action was tried. At the conclusion of taking testimony, both parties moved for an instructed verdict and both motions were at that time overruled. Special issues were submitted but the jury failed to agree and was discharged by the court. Whereupon, Boone again urged that his motion for an instructed verdict should have been given because Stone had failed to plead and prove a cause of action against him; the court then sustained said motion and entered judgment against Stone, that he take nothing by his cross-action and that Boone recover of Stone all right, title and interest in and to the contingent interest in the estate of J. W. Stone, deceased, purchased by Boone from the trustee in bankruptcy. From the judgment so entered Jerome S. Stone has appealed.

The contingent interest in the estate of J. W. Stone, deceased, which is in controversy here, will be better understood by a reading of the opinion in Boone v. Stone, Tex.Civ.App., 142 S.W.2d 936, above referred to. That interest is revealed by a construction of the will of J. W. Stone, the material parts of which will are set out in that opinion and need not be repeated here.

Appellant (Jerome S. Stone) became a bankrupt subsequent to the death of his father, and in the bankruptcy proceedings, he listed as one of his assets, "a possible contingent interest in the estate of his father, J. W. Stone, deceased." The trustee in bankruptcy advertised and sold that interest at public sale to the highest bidder. Appellee (Boone) made the highest bid and bought the interest for $200. The judgment entered on appellant's (Stone's) cross-action in favor of appellee (Boone) is the point before us.

By appellant's cross-petition it is alleged that he was adjudged a bankrupt and that he listed among his assets the possible contingent interest in his father's estate; that appellant went to the office of appellee, told him that he did not want that contingent interest to go into strange hands, that he expected to arrange with some friend to buy it in on his behalf and that his friend and attorney, Nat Henderson, had agreed to do so. In this connection Stone further alleged: "Whereupon the plaintiff (Boone) suggested to the defendant (Stone) that if he would not pursue the course which he had agreed upon with Nat Henderson that he (Boone) would buy the claim in for a small amount and hold same in his name until the said Jerome S. Stone could reimburse him." Further allegations were made to the effect that appellant relied upon appellee to buy in said contingent interest as his (appellant's) agent and attorney, and for that reason did not have his friend and attorney, Nat Henderson, to purchase the claim when offered for sale by the trustee in bankruptcy; that appellee did buy in said claim and took title thereto in his own name, and thereafter appellant tendered to appellee $200, with interest thereon since the date of purchase by appellee, and that appellee had failed and refused to accept said money and make conveyance to appellant of said contingent interest so purchased from the trustee in bankruptcy. He prayed for title and possession of the said contingent interest as against Boone.

Appellee Boone answered the cross-petition with pleas of general denial, that the alleged contract and agreement relied upon by appellant were illegal and void because, if made, which was denied, they were unenforceable and were also in violation of the statute of frauds, and without consideration.

Appellant presents this appeal upon the contention that he, having pleaded a parol trust and having introduced evidence in support thereof, the trial court committed a fundamental error in entering judgment

against him, instead of declaring a mistrial when the jury had failed to agree upon a verdict.

The situation presented here is analogous to the court having given a peremptory instruction for appellee. Many authorities are cited by appellant holding, in effect, that when a jury trial is demanded, an instructed verdict should not be had, if by considering all testimony in its most favorable light to the one against whom the verdict is instructed, a jury might have found in his favor. The reasoning is sound and the authorities support it. The rule is so well settled that we deem it unnecessary to collate the cases so holding.

As we view the record, we believe appellant has by-passed the real point involved. We seriously doubt that the pleadings of appellant alleged a trust relation between him and appellee, but that particular point is not raised. In any event, to assume that his pleadings did raise the point, his testimony did not support such a plea.

Considering appellant's pleadings in their most favorable light to support his contention, they charge, in substance, that after he had told appellee he had arranged with Nat Henderson to bid in the property for him, at the sale, appellee said if he (appellant) would not pursue the course which he had agreed upon with Henderson, that he (appellee) would buy in the claim for a small amount and hold the title in his name and appellant could reimburse him. The further allegation was made that appellee agreed to do this as a "favor" to appellant; that appellee agreed to so buy in said property and hold it in trust for appellant and would convey it to appellant when reimbursed for the money expended, with interest. That appellee did so purchase said property, took title in his own name, paid for it, and when appellant thereafter tendered the purchase money with interest, appellee refused to convey the property to him. This action was in effect to enforce appellee's alleged promise to convey. As we view the case, there are three reasons why appellant could not obtain this relief. They are: (1) The agreement, promise or contract, by whatever name called, was unilateral; (2) it was lacking in consideration; and (3) no constructive trust was shown to exist.

Assuming that appellee did promise that he would buy the property, pay for it and take title in his name, and permit appellant to reimburse him later and then convey the property. Such promise was based upon, (1) provided appellant would not pursue the course he had agreed upon with Henderson, and (2) if appellant later secured the money and desired to repay and receive a conveyance from appellee. We think these are fair deductions from the pleading. In such circumstances, the alleged promise by appellee was clearly based upon the two contingencies named. There is no definite allegation by appellant that he agreed or promised to do anything in consideration for the promise imputed to appellee, nor did he allege any other consideration for the promise. His allegation that he relied upon the promise of appellee and for that reason did not have his friend and attorney, Henderson, to bid at the sale, cannot be construed to be a promise in return for the one charged to have been made by appellee. Even if construed as a consideration for appellee's promise, the evidence is undisputed, coming from the trustee in bankruptcy, that Henderson did in fact bid at the sale after appellee had filed his bid; hence the promise, if it be such, was breached. When appellant's allegations are considered together, it would seem that appellee's promise to accept reimbursement from appellant and make conveyance were dependent upon appellant's keeping and performing his promise not to have Henderson bid against appellee at the sale. We therefore construe the promise of appellee, relied upon by appellant, to be unilateral. It will be observed that appellant did not allege an obligation upon his part to reimburse appellee for the purchase, but he insists that he had that option, should he in the future decide to do so. Unless and until he did obligate himself to do something, which appellee could enforce against him, there would be no consideration shown and the promise of appellee would remain a unilateral one. 10 Tex.Jur., page 163, § 96. In National Oil & Pipe Line Co. v. Teel, 95 Tex. 586, 68 S.W. 979, 980, the Supreme Court said this: "A naked agreement, by which one promises to convey to another an interest in land in consideration of money to be paid or acts to be performed by such other, but which does not bind the other to pay or perform the consideration, as the case may be, cannot be enforced. In such case there is a want of mutuality in the agreement. The one party promises to do something; the other does not promise absolutely to do anything; hence there is no

consideration to support a contract, and it is void." As bearing upon whether or not appellant had an option to reimburse appellee for the money expended and require a conveyance to him, the same opinion from which the last quotation is taken says: "On the other hand, a promise to give an option is valid if supported by an independent consideration." No independent consideration was either pleaded or proven in the instant case for an option, and we take it that the above quotation means, where this does not appear, an option would be unenforceable.

What we have said above about appellant's promise not to have his friend and attorney, Henderson, bid on the property at the sale, so that appellee could buy it in for a small amount and permit appellant to reimburse him when he obtained the money, should not be construed to mean that we consider such a promise, if kept and performed, to be a consideration for the promise claimed to have been made by appellee. Such promise by appellant is doubtful of enforcement. In Taylor v. Lafevers, Tex.Com.App., 221 S.W. 957, 958, it was said: "Agreements not to bid at public sales, with the design to stifle competition, and thereby purchase property at less than its fair value, are against public policy, and void." We have carefully studied the case of Chandler v. Riley, Tex.Civ.App., 210 S.W. 716, cited by appellant on this point, and under the facts before that court, we do not understand that a different rule was applied. Our courts will always strive to see that litigants keep and perform their legitimate contracts, but will not lend their equity powers to the enforcement of contracts which are in plain violation of a sound public policy; but in such cases the parties will be left where the court found them.

As has been indicated above, appellant pitched his cause of action upon the theory that the facts alleged by him, relating to the transactions had between himself and appellee, created a parol trust, binding appellee to purchase the contingent interest in the J. W. Stone estate, from the trustee in bankruptcy, for appellant, taking the legal title in his own name, and later permit appellant to reimburse him for the purchase money with interest.

Much has been written by the courts on the subject of trusts, appertaining especially to resulting and express trusts. As applicable to the situation here, if either is to be found, it must appear both from the pleading and proof that if one buys and pays the consideration with funds furnished by another, or if the one advances the money and the other has entered into an obligation by which he can be required to repay, and title is taken in the name of the first mentioned party, the trust relation will follow. For, in the last mentioned instance, the purchase price paid will be considered as with funds of the beneficiary. 42 Tex.Jur., p. 637, § 36; Watkins v. Watkins, Tex.Civ. App., 141 S.W. 1047; Vicars v. Quinn, Tex. Civ.App., 154 S.W.2d 947; Elbert v. Waples-Platter Co., Tex.Civ.App., 156 S.W.2d 146, 150.

Measured by the standard last above set out, the pleadings in this case do not disclose that appellant furnished the money to appellee with which to purchase the property interest in controversy, nor that he made an absolute promise to reimburse appellee for the funds so expended. The testimony offered by appellant in support of his contention that there was a trust relation between the parties with reference to the property, was at variance with the pleading in this respect, and it would unnecessarily extend this opinion to set it out and analyze it.

Taking appellant's testimony in its most favorable light in support of his contention that a trust was created in his favor, we think it would not have supported a verdict and judgment to that effect. We have already discussed the pleadings and any amount of evidence not based upon the pleadings would not support a judgment. City National Bank v. El Paso & N. E. Ry. Co., Tex.Civ.App., 225 S.W. 391, writ refused. A judgment entered upon evidence without pleadings is as fatally defective as if entered on pleadings without evidence to support it. Rudolph v. Smith, Tex.Civ.App., 148 S.W.2d 225, 229. Evidence to sustain a point is incompetent and without probative force, when there are no pleadings upon which to base it, and when admitted by the court even without objection, in the absence of pleadings, will not support a judgment. Henry v. Phillips, 105 Tex. 459, 466, 151 S. W. 533.

We have carefully studied the various points presented by appellant asserting fundamental error in the action of the trial court in entering judgment against him under the pleadings and evidence offered, and for the reasons set out above conclude

582

that no reversible error is presented and that the judgment should be affirmed. It is accordingly so ordered.