**WALLER et al. v. GILLILAND et al.**

**No. 6059.**

Court of Civil Appeals of Texas. Amarillo.

May 29, 1950.

Rehearing Denied July 3, 1950.

Donald & Donald, Bowie, for appellants.

J. A. Lantz, Dallas, and Jim W. Sowell, Quanah, for appellees.

PITTS, Chief Justice.

This is a suit for the construction of a will jointly executed by a man and his wife and particularly for the purpose of determining a proper disposition to be made of certain bequests made in the will to persons who preceded the testators in death. About 1902 at Denison, Texas, L. Lantz, a bachelor 45 years old, married a widow about the same age, Mrs. Minerva J. Waller, who had three children by a former marriage. She is known in the record as "M. J. Lantz". Soon thereafter they moved to Hardeman County, Texas, where they accumulated a community estate and continued to live until they died in recent years. No child or children were born to their marriage. On November 22, 1934, when they were each about 77 years of age, they executed a joint reciprocal will, which had been well drawn and contained the usual formalities. In disposing of the remainder of their estate after the death of the survivor, they jointly directed that it be distributed as hereinafter set out. The pertinent parts of the said will provide that:

"It is our will and desire that the survivor of us, L. Lantz or Mrs. M. J. Lantz, as the case may be, shall with the rights and authority herein below given, have all of the property and estate of every kind, condition, interest and description, real, personal or mixed, which either or both of us may own, including all of our separate and community property and estate, to be used, occupied, enjoyed, mortgaged, conveyed, transferred, and expended by, and during the life of, such survivor, as such survivor shall desire and wish, and that upon the death of such survivor any and all of such estate and property then remaining shall be divided among the persons, legatees and devisees following in the following manner.

"1. After the death of the survivor herein, then it is our will and desire, and we here now do direct, that our Executor hereinafter named, and appointed, shall sell and convert all the property remaining into cash, and make the following disposition of the same.

"2. After the death of the survivor herein, we give and bequeath unto the Church of Christ Scientist of Boston, Massachusetts, known as the Mother Church of Christ Scientist, one-half of all our property and estate that remains after the death of the survivor of us. * * *

"3. After the death of the survivor herein, we give and bequeath the other one-half of all of our property and estate remaining after the death of the survivor of us, as follows, to-wit:

"4. We give, devise and bequeath unto the children of Mrs. Sarah Matlock, deceased, who died at Springtown, Texas, that are living at the time of the death of the survivor herein, one-sixteenth (1/16)

part of all of our estate remaining after the death of the survivor of us, share and share alike."

Following paragraph 4 they gave, devised and bequeathed in similar language used 1/16th part of the remainder of their estate to the children of four other deceased brothers and sisters of L. Lantz and an equal share to James P. Waller and Louis Waller, two living sons of M. J. Lantz, and another equal share to the children of Mrs. Bell Richardson, a deceased daughter of Mrs. M. J. Lantz. The will then named the survivor as independent executor or executrix, as the case may be, and likewise named an independent executor of the joint estate to serve after the death of the survivor. They gave the latter executor full power and control of the estate and directed him to sell the remainder of the estate after the death of the survivor and distribute the proceeds in accordance with the terms of the will. The only two bequests that are being contested in this suit are the bequests that were made from the remainder of the estate under the terms of the will giving 1/16th of the same to the children of Sarah Matlock, the deceased sister of L. Lantz, as provided for in paragraph 4 of the will and another 1/16th of the same to Louis Waller, as provided for in paragraph 9 of the will. The language used in the latter bequest is as follows: "We give, devise and bequeath unto Louis Waller of Chicago, Illinois, one-sixteenth (1/16) part of all of our estate remaining after the death of the survivor herein."

It was stipulated by the parties that Sarah Matlock, the deceased sister of L. Lantz, had no surviving children at the time the will was executed on November 22, 1934, and that Louis Waller, the son of M. J. Lantz by a former marriage, died before either of the testators died and that he left no child, children or other descendents surviving him. The interested surviving heirs of M. J. Lantz filed suit against the said Mother Church of Christ Scientist and the interested surviving heirs of L. Lantz seeking to have the terms of the will construed, particularly as to the bequests made to the children of Sarah Matlock, deceased, and to Louis Waller.

The case was tried to the court without a jury and judgment was there rendered sustaining the contentions made by the surviving heirs of L. Lantz and against the contentions made by the surviving heirs of M. J. Lantz without affecting the interest of the Mother Church of Christ Scientist. In effect, the trial court found that it was the intentions of the testators to dispose of their combined estate in its entirety and did not intend to die intestate as to any part or portion of the same. It declared that the bequests passed under the terms of the will after the death of survivor, Mrs. M. J. Lantz, and after the payment of all debts and obligations of the estate and vested in the following named persons and classes of persons and in the following proportions, to wit: An undivided 1/2 interest of the whole estate in the First Church of Christ Scientist of Boston, Massachusetts; and a 1/12th undivided interest of the whole estate in each of the following: (1) James P. Waller who is now deceased and his heirs succeed him as claimants, (2) the surviving children of Bell Richardson, deceased, as a class, (3) the surviving children of Mary Coleman, deceased, as a class, (4) the surviving children of Harriett Britt, deceased, as a class, (5) the surviving children of Benton Lantz, deceased, as a class, and (6) the surviving children of A. C. Lantz, deceased, as a class. James P. Waller and the surviving children of Bell Richardson, deceased, were heirs of Mrs. M. J. Lantz and are appellants here. All of the others were heirs of L. Lantz and are appellees here.

Appellants predicate their appeal upon six points of error; however, the paramount issue to be determined here is the proper disposition to be made of the two bequests made to persons who preceded the testators in death. The Church in question is not involved in the controlling issue. It may be observed, however, that the surviving grandchildren of Sarah Matlock, deceased, intervened in the trial court where they were denied any relief. They gave notice of appeal but failed to perfect an appeal and are therefore not before this court. Two of the named defendants were each alleged to be a non compos mentis.

An attorney and guardian ad litem was appointed for each of them and through him they answered and were represented. A proper fee was allowed the attorney and guardian ad litem and taxed as costs.

The record reveals that during the lifetime of both testators three separate codicils were added to the said joint will of dates, respectively, May 3, 1937, April 12, 1938, and February 5, 1945. None of the formal parts of the will was changed by either of the codicils other than to make a slight correction of the name of the Church in question and to name on two different occasions a new independent executor to succeed a previous one named who had since died. In each of the said codicils the testators expressly ratified and confirmed the terms of the will except for the changes made in the codicils. Louis Waller died on March 21, 1944, without having married and without leaving any descendents. L. Lantz died on April 11, 1946, and the will in question, together with the three codicils, was admitted to probate soon thereafter with M. J. Lantz qualifying as independent executrix and taking charge of the whole estate using and enjoying it until her death. She died on April 22, 1947, and the said will, together with the three codicils, was admitted to probate soon thereafter and R. R. Gilliland qualified as independent executor as provided for in the third codicil and took charge of the estate of the approximate value of $50,000 but by agreement of the parties he is holding intact the two 1/16th parts of the estate here involved in controversy. After this suit was filed on July 12, 1948, James P. Waller died on December 4, 1948, and his surviving wife, Mrs. Denta Waller, was made a party plaintiff for herself and as executrix of the estate of her deceased husband.

■ The parties do not contend that any part of the will is ambiguous. They present the paramount issue purely as a law question. If there is no ambiguity in the will it must be construed according to its legal import. Curtis v. Aycock, Tex.Civ. App., 179 S.W.2d 843, and the numerous authorities there cited. Appellants contend that the bequests made to Louis Waller who later died and to the children of Mrs. Sarah Matlock, deceased, all of whom were dead when the joint will was made, both lapsed and that part of the estate should pass to appellants as heirs of M. J. Lantz under the law of descent and distribution. Appellees contend that the bequests made to the children of Mrs. Sarah Matlock, deceased, is void ab initio because all the said children were dead at the time the joint will was executed. Appellees further contend that the bequest made to Louis Waller is void ab initio because the will had been ratified and reaffirmed by the testators when they executed the last codicil to the will approximately a year after Louis Waller had died. Appellees further emphatically state that "the will is to be read and construed *as if neither of such bequests had ever been made.*" With the last statement quoted from appellees we heartily agree. According to the authorities hereinafter cited, the rule for disposing of such bequests in this case is the same whether they lapsed or were void ab initio.

■ As stipulated by the parties the children of Mrs. Sarah Matlock were all dead at the time the joint will of L. Lantz and his wife, M. J. Lantz, was executed and such is true whether they be considered as a class or not. It has long been the law in this state that such a bequest is void. Unless it appears that the testator intended otherwise, the property involved in it has not been disposed of by the will and it is subject to the laws of descent and distribution. Moss v. Helsley, 60 Tex. 426; Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148.

■ Louis Waller died, without issue, before the death of either L. Lantz or M. J. Lantz, and it is well settled by the decisions that a bequest made to a legatee who dies without issue before the death of the testator lapses upon the death of the legatee and, in the absence of a statute or provision in the will directing otherwise, the bequest fails and the property included in it remains in the testator. Bomar v. Carstairs, 124 Tex. 492, 79 S.W.2d 841.

■ The property here involved was community property and no children were

born to L. Lantz and M. J. Lantz. If there had been no will at all, the surviving wife, M. J. Lantz, would have inherited all of the property upon the death of her husband, L. Lantz. Article 2578, Vernon's Ann.Civ. St. It necessarily follows that any portion of the property owned by the community estate that was not disposed of by the joint will became the property of M. J. Lantz upon the death of her husband, L. Lantz.

The bequest to Louis Waller lapsed and the property included in it remained as a part of the community estate of L. Lantz and his wife. Lightfoot v. Poindexter, Tex.Civ.App., 199 S.W. 1152; Coleman v. Jackson, Tex.Civ.App., 126 S.W. 1178. The joint will did not contain any provision for substitution for Louis Waller nor did it make any provision for a substituted bequest of the property designated as a bequest to Mrs. Sarah Matlock's children. There was not even a residuary clause included in the will. It necessarily follows that both of these bequests were ineffective and the property involved in them was not disposed of by the joint will. It therefore remained the community property of L. Lantz and his wife and became the property of Mrs. Lantz upon the death of her husband. Since it belonged to her at her death and was not disposed of or in any manner affected by the terms of the will, it descended to her heirs, the appellants herein, under the law of descent and distribution of this state, Article 2570, V.R. C.S. Such a disposition is supported by Haines v. Little, Tex.Civ.App., 242 S.W. 266; Munger v. Munger, Tex.Civ.App., 298 S.W. 470; Boone v. Stone, Tex.Civ. App., 142 S.W.2d 936, affirmed, Tex.Civ. App., 160 S.W.2d 578.

Appellees contend that, Mrs. Lantz having accepted the benefits provided for her in the joint will and having caused its probate in the county court of Hardeman County, she elected to take under the will and therefore she is precluded and estopped from asserting any interest whatever in the fee-simple estate except the right to enjoy and expend it during her lifetime. We are not in accord with appellees in this contention. The basis of an election is that one who accepts benefits under a will thereby adopts the whole contents of the instrument as it relates to him. He conforms to its provisions and renounces only such rights as are inconsistent with it. We find nothing in the acceptance by Mrs. Lantz of the life estate which is inconsistent with the joint will or which will prevent giving full effect to it. Certainly she cannot be deprived of her right to her share of the property of which no valid disposition was made by the will merely because she accepted the life estate provided by it for her. The mere fact that she accepted the life estate in the property as provided in the will cannot be said to have affected that portion of the community property that was not disposed of by the terms of the will. Philleo v. Holliday, 24 Tex. 38; Caddell v. Lufkin Land & Lumber Co., Tex.Civ.App., 234 S.W. 138; Langston v. Robinson, Tex.Civ.App., 253 S.W. 654.

For the reasons stated it is our opinion that the trial court erred in distributing the two bequests in question equally between the six sets of heirs heretofore named. It is our opinion that the trial court's judgment should be reformed vesting title to the two bequests in question to the two named sets of heirs of Mrs. M. J. Lantz, deceased, under the law of descent and distribution, without disturbing the undivided 1/2 interest of the estate vested in the First Church of Christ Scientist of Boston, Massachusetts. In that event the remaining undivided 1/2 interest of the estate, after paying all debts, should be divided between the following named persons and sets of heirs and in the following proportions, to-wit: (1) an undivided 2/16ths or 1/8th interest of the whole estate vested in the estate of James P. Waller, now deceased, and his lawful heirs who survive him, and (2) another such share vested in the surviving children of Bell Richardson, deceased, to be equally divided between them, these two sets being heirs of Mrs. M. J. Lantz, deceased; an undivided 1/16th interest vested in each of the sets of heirs of L. Lantz, namely, (3) the surviving children of Mary Coleman, deceased, to be equally divided between them, (4) the surviving children

of Harriett Britt, deceased, to be divided equally between them, (5) the surviving children of Benton Lantz, deceased, to be divided equally between them, and (6) the surviving children of A. C. Lantz, deceased, to be divided equally between them. The trial court's judgment is thus reformed accordingly. Except for this reformation the said judgment is otherwise affirmed.

Reformed and affirmed.