Edward D. W. Langley, Individually and as Administrator of Frances A. Skinner, Deceased, Respondent, *v.* The Westchester Trust Company, as Substituted Trustee under the Will of Francis C. Fleming, Deceased, et al., Defendants, and Louis V. Sone et al., Appellants.

Will — When Survivors Take Distributively — When Lapsed Devise Becomes Part of Residuum.   Under a will creating a trust and providing that after the death of the beneficiary the corpus should pass to testator's sister and two brothers to be equally divided between them, and that "after" setting aside the trust fund, "then" the residue should go to his executors in trust for the benefit of his father and mother during their lives, and thereafter to his brothers and sister, the share of a brother who predeceased the testator does not pass to the survivors as a class but lapses; and the provisions creating a residuary estate being deemed to speak as of the date of his death include all property that had not been effectually devised or bequeathed to others, including the legacy which had lapsed, the words quoted being considered to be words of description rather than of exclusion and limitation.

*Langley* v. *Westchester Trust Co.*, 82 App. Div. 636, modified; reported below, 39 Misc. Rep. 735.

(Argued January 12, 1905; decided January 24, 1905.)

Appeal from a judgment entered May 5, 1904, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which affirmed an interlocutory judgment of Special Term construing the will of Francis C. Fleming, deceased.

The facts, so far as material, are stated in the opinion.

*Charles F. Brown* and *George P. Hotaling* for appellants.   The gifts of the remainder interests under the will of Francis Fleming were to his brothers and sister as a class. (*Hoppock* v. *Tucker*, 59 N. Y. 202; *Roosevelt* v. *Porter*, 36 Misc. Rep. 441; *Matter of Russell*, 168 N. Y. 169; *Moffett* v. *Elmendorf*, 152 N. Y. 475; *Matter of Kimberly*, 150 N. Y. 90; *Matter of Wells*, 113 N. Y. 396; *Tilden* v. *Green*, 130 N. Y. 51; *Morris* v. *Sickly*, 133 N. Y. 456; *Williams* v. *Jones*, 166 N. Y. 522; *Dougherty* v. *Thompson*, 167 N. Y. 483.)   Assuming that Thomas Fleming took title to the one-

third of the estate of his son Francis, which was devised by
the latter to his brother Walter, one-half of said one-third (the
one-sixth in controversy) was assigned by Mrs. Skinner (the
plaintiff's testatrix) to Mrs. Sutherland by an agreement
between them bearing date February 9, 1893, and the appel-
lant Sone is now the owner thereof. (*Jackson* v. *B. W. W.
Co.*, 91 Hun, 435; *William* v. *Barkley*, 165 N. Y. 57; *Uih-
lein* v. *Matthews*, 172 N. Y. 154.) Even if the plaintiff was
entitled to recover, the court erred in awarding him a one-sixth
interest in the remainder of the $50,000 Cowie fund. (*Lup-
ton* v. *Lupton*, 2 Johns. Ch. 623; *Hudman* v. *Haurand*, 2
App. Div. 146; *Carter* v. *Bd. Education*, 144 N. Y. 621;
*Riker* v. *Cornwell*, 113 N. Y. 115; *Lamb* v. *Lamb*, 131
N. Y. 227; *Morton* v. *Woodbury*, 153 N. Y. 243.)

*Clarence L. Barber* for respondent. One-third of the
eventual residuary estate was given to Walter Fleming as
tenant in common. As to that share testator died intestate,
and it passed to the father as his heir and next of kin, and
one-half thereof passed thence to plaintiff. (*Jones* v. *Hand*,
78 App. Div. 56; *Herzog* v. *Title Co.*, 177 N. Y. 96; *Graves*
v. *Graves*, 8 N. Y. Supp. 284; 126 N. Y. 636; *Moffett* v.
*Elmendorf*, 152 N. Y. 475; *Matter of Kimberly*, 150 N. Y.
90; *Matter of Brown*, 154 N. Y. 313; *Matter of Seebeck*,
140 N. Y. 241; *Hard* v. *Ashley*, 117 N. Y. 606; *Delafield*
v. *Shipman*, 103 N. Y. 463; *Wells* v. *Wells*, 88 N. Y. 323;
*Monarque* v. *Monarque*, 80 N. Y. 320.) The one-third of
the vested remainder in the Mary F. Cowie trust fund of
$50,000 passed to the father in the same manner as the one-
third of the residuary estate, and is governed by the same
rules. (*Kerr* v. *Dougherty*, 79 N. Y. 328; *Matter of Benson*,
96 N. Y. 500; *Matter of Wooley*, 72 App. Div. 224.) Mrs.
Skinner did not transfer nor agree to transfer the one-sixth
interest in the estate of Francis C. Fleming to Mrs. Suther-
land, nor did the latter in turn attempt to transfer it to appel-
lant Sone. (*Mayor* v. *N. Y. R. Co.*, 8 Misc. Rep. 65; *Sat-
tler* v. *Hallock*, 160 N. Y. 301; *Nicoll* v. *Sands*, 131 N. Y.

24.; *Woolsey* v. *Funke*, 121 N. Y. 87 ; *Dodge* v. *Zimmer*, 110 N. Y. 48 ; *Symes* v. *City of New York*, 105 N. Y. 153 ; *French* v. *Carhart*, 1 N. Y. 96 ; *Tilden* v. *Tilden*, 8 App. Div. 99 ; *Matter of Eureka Co.*, 86 Hun, 309 ; *Stokes* v. *Recknagel*, 6 J. & S. 368 ; *Reading* v. *Gray*, 5 J. & S. 79 ; *Ins. Co.* v. *Dutcher*, 95 U. S. 273.)

HAIGHT, J.    This action was brought to construe the will of Francis C. Fleming and to establish title in the plaintiff to one-sixth of the decedent's estate.

Francis C. Fleming died in February, 1882, in Westchester county, leaving a last will and testament, which was duly admitted to probate by the surrogate of that county on the 8th day of March, 1882. After making some provisions which are not material to be now considered, he directed his executrix and executors to take out of his estate sufficient money to purchase fifty thousand dollars of bonds, either of the United States, State of New York, or city of New York, and to set them aside as a separate and distinct fund in trust, with direction for his executrix and executors to collect and receive the interest and income therefrom and to pay the same over quarterly to Mary F. Cowie of the city of New York for and during her life. He then provided that "after the death of said Mary F. Cowie, I hereby give and bequeath the said fifty thousand dollars of bonds so to be purchased to my sister Anna Fleming Kimball and my brothers Walter Fleming and Henry Fleming to be equally divided between the three, share and share alike." He then, by the fourth subdivision of his will, provided that "After my executrix and executors have paid my just debts and set aside the aforesaid sum of fifty thousand dollars of bonds as above directed, then it is my will and I give and bequeath to my said executrix and executors all the rest, residue and remainder of my estate real and personal, in trust, however, and for the uses and purposes following, that is to say : I direct my said executrix and executors to invest and reinvest all the said rest, residue and remainder of my estate from time to time as occasion may

require, and to collect and receive the interest and income thereof, and pay the same to my mother Frances A. Fleming and my father Thomas Fleming in equal proportions during their lives, such payments to be made quarter-yearly or as much oftener as my executrix and executors shall see fit. After the death of either, the survivor shall be paid the whole of the interest or income derived from such residue of my estate during his or her life."

By the fifth subdivision of the will he provided that " After the death of both my father and mother, I give, devise and bequeath the said rest, residue and remainder of my estate to my sister Anna Fleming Kimball and my brothers Walter Fleming and Henry Fleming, their heirs and assigns forever, to be equally divided between them share and share alike."

Walter Fleming, the brother of the decedent, died after the will was executed but before the death of the testator, and the question raised for review has reference to the disposition of the estate that was devised and bequeathed to Walter Fleming. We think that the disposition made of the estate below must be approved, except in one particular. The provision made for Walter, doubtless, lapsed by reason of his death before that of the testator, and, under the provision of the will, we think the brothers and sisters took distributively and not as a class. (*Matter of Russell,* 168 N. Y. 169; *Moffett* v. *Elmendorf,* 152 N. Y. 475; *Matter of Kimberly,* 150 N. Y. 90.) We also are of the opinion that the one-sixth part of the estate in controversy did not pass under the assignment by Mrs. Skinner to Mrs. Sutherland by the agreement of February 9, 1893, for the reasons stated by the trial court, but we entertain a different view as to the proper construction of the will with reference to the disposition of the remainder of the trust fund set apart for the benefit of Mary F. Cowie during her lifetime. As we have seen, after the fifty thousand dollars of bonds had been set apart, then the testator devised and bequeathed all the rest, residue and remainder of his estate to his executrix and executors in trust for the benefit of his father and mother during their lives. Here we have a

residuary trust created, which includes all that may remain of his estate, and, under the general rule, all legacies which may lapse or may be invalid become part of the residuum. (*Moffett* v. *Elmendorf, supra; Morton* v. *Woodbury,* 153 N. Y. 243; *Kerr* v. *Dougherty,* 79 N. Y. 327; *Matter of Benson,* 96 N. Y. 499, 509.) It is contended, however, that the creation of the residuary trust after the Cowie trust of fifty thousand dollars of bonds indicates an intention on the part of the testator to exclude from the residuary trust all of that which was included in the former trust, and the words " after " and " then " are relied upon as indicating such intention.

In the case of *Carter* v. *Board of Education of the Presbyterian Church* (144 N. Y. 621) the will, after giving certain specific legacies, provided that " whatsoever moneys may remain in the hands of my said executors after paying the foregoing bequests " should be paid to the parties particularly specified. Two of the legacies were declared to be invalid and the contention was that the words " after the payment of the foregoing bequests " indicated an intention not to include in the residuary estate the invalid bequests, and that he, consequently, died intestate as to those items. It was, however, held that the invalid bequests passed into the residuary estate. Gray, J., in delivering the opinion of the court, said : " While the words ' after the payment of the foregoing bequests ' in the residuary clause might, in some cases, be deemed to circumscribe and confine the residue, so that a residuary legatee would not be entitled to any benefit accruing from lapses, that effect would be given to them because they would illustrate an intention which was apparent from the will. Judge Earl's observations in *Matter of Accounting of Benson* (96 N. Y. 499) are to be taken, not as laying down an absolute rule that a residuary clause is necessarily circumscribed by the insertion of such words, but as suggesting that they might evidence an intention on the part of the testator that the residue is to be confined to so much only as would remain after deducting from the estate the aggregate amount of all previous bequests. Such an intention, however, we think the rest of the will must

fairly warrant in order to override the general rule. In the present case it seems to us very evident that no such intention is to be gathered from the terms of this will. It is evident that by the direction to his executors to convert all his property into money and to dispose of it as thereafter directed he intended to create a fund and to wholly dispose of it by the subsequent provisions of the will. He did not propose to die intestate as to any part of the fund which would result from the conversion of his estate. When he subsequently directs that ' whatever moneys may remain in the hands of my said executors after the payment of the foregoing bequests ' are to be divided and paid out in certain proportions to certain residuary legatees, while it is clear that he intended the specific bequests to take effect, it is equally clear that he intended making a testamentary disposition of all of his estate and such an intention is only effectuated by carrying into the residuary estate any prior ineffectual bequests. Read in connection with the rest of the will the words 'after the payment of the foregoing bequests' in the residuary clause have a wider significance than the appellants would have us attach to them. The executors are to pay the specific bequests from the fund, but if they are unable to pay some of them because of their invalidity, then the moneys remaining in their hands are so much of the fund as had not been used or drawn upon for the purpose of paying the specific bequests. In *Riker* v. *Cornwell* (113 N. Y. 115), a case where the words were ' after payment of all the legacies and carrying out all the trusts and provisions made,' it was argued that they were indicative of an intention to give only a specific residue. We held otherwise and we considered those words as words of description rather than of exclusion and limitation."

In the case of *Moffett* v. *Elmendorf* (152 N. Y. 475) the testator gave " all my real estate, except the portions thereof hereinafter otherwise given or disposed of," to his wife. There followed specific devises of real estate to other persons, some of which provisions lapsed. VANN, J., in discussing this clause of the will, says : " So the gift of all but certain

excepted portions ' otherwise given or disposed of ' may refer to gifts effectually made, as distinguished from those which might lapse. By general rule the will speaks from the death of the testator, and as to the second and tenth clauses this is necessarily the result, at least in part, independent of the rule, for until that time it could not be known whether he would leave any children or not or who would be his ' heirs at law.' Speaking as of that date lapsed legacies would be ignored the same as if they had not been made. Moreover, a gift of ' all other land,' or of ' all land not hereinbefore devised,' is regarded as a devise of the residue and not as indicating an intention to exclude specific gifts." (See, also, *Hindman* v. *Haurand,* 2 App. Div. 146 ; affirmed, 159 N. Y. 546 ; *Lamb* v. *Lamb,* 131 N. Y. 227.)

It is contended that a different conclusion was reached in the case of *Kerr* v. *Dougherty* (*supra*). In that case the attention of the court was directed to another question which had been elaborately discussed, and then followed a declaration of MILLER, J., to the effect that there was no error on the part of the trial court in the conclusion arrived at that the sums bequeathed by the void legacies were undisposed of by the will and that the amount passed to the widow and next of kin. No further consideration appears to have been given in the opinion to that clause of the will. Under another clause he, however, states that " The general rule is that in a will of personal property the general residuary clause carries whatever is not otherwise legally disposed of but this rule does not apply where the bequest is of a residue of a residue and the first disposition fails." These views met with a vigorous protest by EARL and RAPALLO, JJ. ; ANDREWS, J., being absent. Apparently, the later cases have given the matter more careful consideration and if the *Kerr* case is in conflict upon this point it must be deemed to have been overruled.

Again referring to the will under consideration it will be observed that the testator intended to give the fifty thousand dollars in bonds to his brothers and sisters. He also made the same disposition of the residuary estate created for the benefit

of his father and mother by giving the same, after their deaths, to his brothers and sisters, naming them.    It is apparent that he intended that his brothers and sisters should ultimately have his whole estate.·  He evidently, however, did not contemplate the death of his brother before himself.    The provision of his will creating a residuary estate is deemed to speak as of the date of his death and included all property that had not therein been effectually devised or bequeathed to others, thus including the legacy to Walter which had then lapsed. The words " after " and " then " are considered to be words of description rather than of exclusion and limitation.

As to the clause of the will finally disposing of the residuary estate after the death of the father and mother we must approve of the construction given by the court below, for as to that provision there was no residuary estate into which the lapsed remainder could fall.    It follows that the judgment of the Appellate Division and that of the trial court should be modified in the particulars specified herein and as so modified affirmed, and that for this purpose the case be remitted to the Special Term to recast the accounts between the parties in accordance with this judgment, with costs to both parties payable out of the estate.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, VANN and WERNER, JJ., concur.

Judgment accordingly.