**BITTNER et al. v. BITTNER et al.**

No. 1499–5783.

Commission of Appeals of Texas, Section A.

Jan. 6, 1932.

E. H. Moss, of La Grange, and Marcus Schwartz, of Hallettsville, for plaintiffs in error.

Wood & Wood, of Austin, for defendants in error.

**SHARP, J.**

We adopt the full and clear statement of the nature and result of this case made by Associate Justice Blair, speaking for the Court of Civil Appeals in its opinion, as follows:

"Appellant, as independent executor of the will of Mrs. Magdalena Bittner, deceased, and for himself, instituted this suit against testatrix's heirs at law to construe her will for the purpose of ascertaining whether she intended that the real estate devised to Ida Bittner by clause 3 of the will, and the one-fourth interest of the residuary estate bequeathed to her by clause 10 of the will, both of which lapsed because the devisee legatee predeceased testatrix, should pass into the residuary estate and be disposed of under the residuary clause, or whether testatrix intended that same should become intestate property and pass to her heirs at law. The material parts of the will read as follows:

" 'That I, Mrs. Magdalena Bittner, feme sole, surviving wife of Chas. Bittner, sr., deceased, of the county of Fayette and State of Texas, being of sound and disposing mind and memory, and being desirous to settle my worldly affairs while I have strength so to do, do make this my last will and testament, hereby revoking all others heretofore by me made; to say: * * *' (Clauses 1 and 2 direct the manner of burial of testatrix, the erection of a suitable monument and the payment of her debts.)

" 'Third: I give, bequeath and devise to my daughter, Miss Ida Bittner, feme sole, the following described lands, viz.:' (Consisting of seven tracts, aggregating 560 acres and specifically described.)

" 'To have and to hold the above described tracts unto the said Miss Ida Bittner, feme sole, as her share in my estate; for her use and benefit; to sell or otherwise dispose of as to her may seem proper without any interference from any source.' (Clauses 4 to 8, both inclusive, are special money bequests to testatrix's grandchildren, ranging from $4,000 to $12,000 each, and aggregating $28,000.)

" 'Ninth: I authorize and direct my executor to sell all real estate I have left after delivering to my daughter, Ida Bittner, the acreage described in Clause "3" of this will as well as all of my personal property and his deeds and bills of sale to same as if I had signed and acknowledged same.

" 'Tenth: Should there be anything or sum remaining in the hands of my executor after he had complied with all the provisions enumerated in this will; I direct him to divide

it equally between the following named parties: Ida Bittner, Chas. Bittner, Jr., Fred Bittner and Mrs. Laura Meyer, wife of Harry Meyer.'

"Clause 11 appointed appellant independent executor. Clause 12 provided that no action be had in the county court other than probating the will, returning an inventory, appraisement, and filing list of claims.

"The facts show that at the time of the execution of the will Fred Bittner, Charles Bittner, Jr., Laura Meyer, and Ida Bittner were the only living children of testatrix. Lily Bittner Stavinoha and Emma Bittner Heller were daughters of testatrix, but died prior to the execution of the will. Delta Stavinoha was the only child of Lily Bittner Stavinoha, deceased, and is her sole heir at law. Lola Heller Klesel and Daisy Heller Klesel were the only children of Emma Bittner Heller, deceased, and are her only heirs at law. Ida Bittner died May 5, 1927, without issue. Testatrix died August 6, 1928, and knew of the death of her daughter Ida, who never married, and lived until her death with testatrix. At the time of testatrix's death her only heirs at law were her three children, Fred Bittner, Charles Bittner, Jr., and Laura Meyer, and her grandchildren Delta Stavinoha, Lola Heller Klesel, and Daisy Heller Klesel, all of whom are now living and are parties to this suit.

"The property was the separate property of testatrix. She owned all the land devised to Ida Bittner in clause 3 at the time the will was executed, and. in addition thereto about 70 acres of other land; and after the execution of the will she purchase a small home in Schulenburg. She owned all the above-mentioned land at the time of her death, and her estate was valued at $59,700. After payment of all special bequests and debts, and excluding the real property devised to Ida Bittner by clause 3 of the will, the estate remaining was valued at $17,000.

"The trial court construed the will and held that because Ida Bittner predeceased testatrix the devise to her of the land described in clause 3 of the will and the one-fourth interest of the residuary estate bequeathed to her by clause 10 of the will both lapsed, and in accordance with the intention of the testatrix, as expressed in the will, became intestate property and passed to her heirs at law; hence this appeal.

"The judgment with respect to the one-fourth interest in the residuary estate bequeathed to Ida Bittner as becoming intestate property is not questioned, but conceded to be correct by appellant. He contends, however, that the will as a matter of law showed testatrix intended that the real estate devised to Ida Bittner by clause 3 of the will, in the event devisee predeceased testatrix, should pass into the residuum of the estate and be disposed of in accordance with the provision of the residuary clause. We have reached the conclusion that the trial court has correctly construed the will in this respect." 27 S.W.(2d) 852.

The main question for decision is: Was it the intention of the testatrix, Mrs. Magdalena Bittner, that the property bequeathed to her daughter, Ida Bittner, described in paragraph 3 of the will, should become a part of the residuum to her estate and thereby pass to the persons described in paragraph 10 of her will, or did it become a lapsed legacy or devise because of the fact that Ida Bittner died prior to the death of the testatrix, and does it belong to the estate of the testatrix as property thereof undisposed of by her will, and as to which she therefore died intestate and descends to her lawful heirs under the law of descent and distribution in this state?

The rule is well established that where a person makes a will, the general presumption prevails that the testator intended to dispose of all his property and not die intestate of any part of it.

The rule is recognized and is supported by the weight of authorities that in the absence of a statute upon this question under a will 'containing a general residuary clause, a bequest of property, which, valid when made, fails for any reason, such as the death of the legatee or devisee prior to the death of the testator and thereby becomes a lapsed legacy or devise, falls into the residuary clause and passes to the residuary legatees or devisees, unless a different intention is expressed in the will. For a full discussion of this question, see the following authorities: Moss v. Helsley, 60 Tex. 426; Lenz v. Sens, 27 Tex. Civ. App. 442, 66 S. W. 110 (Writ denied); Schouler, Wills, § 519; Coleman v. Jackson et al. (Tex. Civ. App.) 126 S. W. 1178 (Writ denied); Lightfoot v. Poindexter (Tex. Civ. App.) 199 S. W. 1152; Lovering v. Lovering, 129 Mass. 97; In re L'Hommedieu, 32 Hun (N. Y.) 10; Lamb v. Lamb, 131 N. Y. 234, 30 N. E. 133, 134; Thayer v. Wellington, 9 Allen (Mass.) 283, 85 Am. Dec. 753; Lombard v. Boyden, 5 Allen (Mass.) 249; Langley v. Westchester Trust Co., 180 N. Y. 326, 73 N. E. 44; Tindall's Ex'rs v. Tindall, 24 N. J. Eq. 512; Sandford v. Blake, 45 N. J. Eq. 248, 17 A. 812; Reeves v. Reeves, 5 Lea (Tenn.) 653; Leake v. Robinson, 2 Mer. 363; King v. Woodhull, 3 Edw. Ch. (N. Y.) 79; In re Benson, 96 N. Y. 499, 48 Am. Rep. 646; In re Upham's Estate, 127 Cal. 90, 59 P. 315; Sorrey v. Bright, 21 N. C. 113, 28 Am. Dec. 584; Cook v. Lanning, 40 N. J. Eq. 369, 3 A. 132; Adams v. Bass, 18 Ga. 130; 2 Jarman, Wills, p. 716; 1 Underhill on Wills, § 464; Redfield on Wills, p. 116. There is no general statutory provision on this subject in this state. Article

8295, R. S. 1925, does not apply, because it is undisputed that Ida Bittner died prior to the death of the testatrix without issue.

■ The rule is also well established in this state that the intention of the testator must first be determined. The intention of the testator, as gathered from the will, must control in the construction of a will. Therefore, in construing a will, the intention of the testator is to be gathered from the entire instrument, giving each part due consideration, and by a fair and reasonable interpretation, harmonize, if possible, the inconsistencies therein, if any. When the intention of the testator is ascertained, such intention will control, regardless of any arbitrary rule to the contrary. Darragh v. Barmore (Tex. Com. App.) 242 S. W. 714; McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412; 28 R. C. L. pp. 204–206, and authorities cited.

■ In 44 L. R. A. (N. S.) at page 810, is an exhaustive annotation of the authorities with respect to the scope and effect of a residuary clause when considered in connection with a lapsed legacy or devise contained in a will, and after reviewing the many authorities, the rule is stated to be as follows: "In ascertaining the scope and effect of a residuary clause, reference will also be had to any power of sale contained in the will relating to the residue, and the residuary clause will not be construed to cover ineffectual dispositions of property of a character to which the power would not originally apply; nor to cover property which the testator, in an ineffectual disposition thereof, has evidenced a desire not to have sold. And it has even been held that where the residuary clause relates to the proceeds of a sale to be made by the testator's executors, it will not include the subject-matter of an invalid legacy not ordered to be sold."

Under the common-law rule there was a distinction made with respect to the operation of the residuary clause of a will as applied to bequests of personalty and devises of real property. The case of Galloway v. Darby, 105 Ark. 558, 151 S. W. 1014, 1018, 44 L. R. A. (N. S.) 782, Ann. Cas. 1914D, 712, involved the construction of a will with respect to a lapsed devise in which the court discussed the distinction between personalty and realty as recognized by the common law, and in an exhaustive opinion, after reviewing the authorities, said: "At common law there was a distinction made, with respect to the operation of the residuary clause of a will, between bequests of personalty and devises of real property, the English courts holding that lapsed legacies fell into the residuum, unless otherwise directed in the will itself; but that a devise of real estate did not go to the residuary devisee. This rule was based upon another distinction arbitrarily made by the English courts that as to personalty a will

was deemed to speak from the date it took effect—i. e., from the date of the testator's death—and therefore included property acquired by the testator after the execution of the will, but that, as to real estate, the will was deemed to speak only from the date of its execution, and did not include after-acquired property. The rule of the common law has been changed in England by the Statute of Victoria (1837), and in most of the American states, so as to completely sweep away the old distinction between bequests of personalty and devises of real property, and make a will speak from the date of the testator's death and convey after-acquired real estate as well as personalty; and, where those statutes have been put into effect, the rulings have been that lapsed legacies and devises fall into the residuary clause, unless a contrary intention on the part of the testator is expressed in the will."

The common-law rule, as stated above, does not prevail in this state. Moss v. Helsley, supra; article 8282, R. S. 1925.

Article 8282 reads: "Every person competent to make a last will and testament may thereby devise and bequeath all the estate, right, title and interest in possession, reversion or remainder, which he has, or at the time of his death shall have, of, in or to any lands, tenements, hereditaments or rents charged upon or issuing out of them, or shall have of, in or to any personal property whatever, subject to the limitations prescribed by law."

The case of Moss v. Helsley, supra, involved the construction of a will where a special bequest was made to a person who was dead, and the court held that a special bequest made to one who was dead was void. The court further held that what shall become of the bequest must be determined from the construction of the entire will. It was further held in that opinion that under the statutes of this state there is no distinction as to the operation of the will upon real and personal property; that the common-law distinction as to real and personal property has no application and all classes of property are considered alike. The court said:

"It clearly appears that Jackson Hill Pierce, one of the special legatees, was dead at the time the will was made; whether that fact was known to the testator or not, the same result would follow. The special bequest is void. Ordinarily at common law, in case the special bequest is void, the residuary legatee would take when the terms of the residuary clause were sufficiently comprehensive. Ferguson v. Hedges, 1 Har. (Del.) 524. * * *

"The question then arises as to what disposition shall be made of a void devise or bequest under our system. It seems that this should be determined by the intention of the

testator, which intention is to be ascertained in the same manner as in other matters relating to his will. * * *

"It seems to us that, resulting from a reasonable construction of the entire will, it was not the intention of the testator that the property bequeathed to Jackson Hill Pierce should go to the residuary legatee. This property should be considered as not disposed of by the will, and subject to the laws of descent and distribution."

 It is undisputed that Ida Bittner, to whom was bequeathed the property described in paragraph 3, lived with testatrix at the time of her death, never married, and died without issue prior to the death of testatrix.

What did Mrs. Magdalena Bittner, the testatrix, intend to do with her property as shown by the language of the will? In paragraph 3 she bequeathed to her daughter, Ida Bittner, certain lands, consisting of seven tracts, aggregating 560 acres, and specifically described. In paragraphs 4, 5, 6, 7, and 8 she gave her grandchildren certain sums in money. She appointed her son, Fred Bittner, independent executor of her will. When paragraph 3 of the will is considered in connection with the entire will, it is plain that the testatrix intended that Ida Bittner should receive the property described therein without any limitations thereon. When paragraphs 4, 5, 6, 7, 8, and 10 are considered in connection with the language used in paragraph 9, we find that the testatrix did not intend to authorize the executor to sell the land given to her daughter, Ida Bittner, described in paragraph 3. In paragraph 9 she specifically stated that she directed her executor to sell all real estate "I have left after delivering to my daughter, Ida Bittner, the acreage described in clause 3 of this will, as well as all of my personal property." Then again in paragraph 10 of her will it is clearly provided therein that should there be anything or sum remaining in the hands of her executor after he has complied with all the provisions enumerated in the will, he is directed to divide it equally between Ida Bittner, Chas. Bittner, Jr., Fred Bittner, and Mrs. Laura Meyer.

The trial court, after hearing the testimony, held that the testatrix did not intend that the property bequeathed to Ida Bittner should become a part of the residuum of her estate and pass to the persons described in paragraph 10 of the will; but that it became a lapsed devise because of the death of Ida Bittner prior to the death of the testatrix and therefore became a part of her estate as property undisposed of by her will, and as to which she died intestate, and same descends to her lawful heirs under the law of descent and distribution in this state. This holding finds support in the evidence adduced. The soundness of this holding rests upon the principle as to whether or not a lapse is to occur depends primarily on the question of the intention of the testatrix. It was her province, if she so desired, to provide that the gift to Ida Bittner should not lapse, but this intention should clearly appear. Such intention of the testatrix must be declared in a clear and explicit manner by designating what person or persons she intended to take the devise in case of the death of Ida Bittner, the original devisee. This intention does not clearly appear in the will. The conclusion is inevitable, if the principles above announced are to be considered as controlling, that the property included in the lapsed devise to Ida Bittner did not fall in the residuary clause, as expressed in paragraph 10 of the will, and pass to the persons described therein, but it became property undisposed of by her will, as to which she died intestate and descends to her lawful heirs under the law of descent and distribution.

In our judgment, the Court of Civil Appeals correctly disposed of the case.

Therefore, we recommend that the judgment of the Court of Civil Appeals be in all respects affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.