**SCHWARTE et al. v. BUNTING et al.**

No. 2788.

Court of Civil Appeals of Texas. Waco.

April 15, 1948.

Rehearing Denied May 6, 1948.

Allison & Burkett, of Kerrville, and Joe Burkett, of San Antonio, for appellants.

656

Naman, Howell & Boswell, of Waco, for appellees.

HALE, Justice.

Henry Bunting, Sr., as executor of the will of Matilda Shope, sued Bertha Rast, Gertrude Schwarte and Jane Schwarte for a construction of the following will:

"This is to certify that I, Matilda Shope (wife of J. H. Shope deceased) living in Uvolde County, In the State of Texas Do make my last will and testament I do bequeath to the following after all debts if any are paid funeral expenses paid and a marker placed on my grave like the one on my dear husbands grave and if there is any property or money in bank I want the property sold if possible and the money divided part to go to my sister Bertha Rast if living if not to be divided with other heirs Hortense Rast Maguerite Rast Matilda Rast Elizabeth Rast Etha Stone Earl Rast Gertrude Schwarte Jane Schwarte and to give Cora Winter $200.00 (two hundred dollars) if living if not to give it to her sister Emma Froehlich I want Mrs. Henry Bunting Sr. to have $100.00 (one hundred dollars) if living if not living the amt to be paid to the other heirs I want Henry Bunting Sr to be executor of my estate with out bond and if· for any reason he is unable to serve I hereby appoint Harry Bower to serve in his place without bond If any of the heirs want to contest this will They will no longer be considered in the bequests I have made If I should pass away before my defense savings bond is collected I want it to be divided as the rest."

Matilda Shope, who signed the foregoing will on March 15, 1941, departed this life on August 15, 1944, and the will was duly admitted to probate on September 5, 1944. Henry Bunting Sr., qualified as executor of the will, took charge of the property of the deceased, converted the same into cash by sale, paid the funeral expenses and such debts as existed against the estate, had a marker placed on the grave of deceased, paid to Cora Winter $200, paid to Mrs. Henry Bunting, Sr., $100, and delivered to Bertha Rast the balance of the estate. After having disposed of the property belonging to the estate in the manner above indicated, the executor instituted this suit on June 16, 1947, alleging the substance of the foregoing facts, and further alleging that there had arisen a necessity for a construction of the will by reason of conflicting contentions being asserted by the respective defendants.

In her pleadings Bertha Rast alleged in effect that she was entitled under a proper construction of the will to receive and retain the proceeds which had been delivered to her by the executor. On the other hand, Jane and Gertrude Schwarte alleged in their joint pleadings that they together were entitled under a proper construction of the will to receive one-half of the proceeds which the executor had delivered to Bertha Rast and they sought an accounting therefor as against Bertha Rast.

The case was tried by the court below without a jury and resulted in judgment construing the will in accordance with the contentions of Bertha Rast, denying any recovery or interest in the estate of testatrix to Jane and Gertrude Schwarte and assessing the costs against them. From this judgment the Schwartes have appealed.

Appellants say the trial court erred (1) in construing the will so as to deprive them of any interest in the estate of the testatrix, (2) "in admitting parol testimony as to the intent of the testatrix, and in aid of the construction of the will," (3) in taxing the costs against them and (4) "in construing said will at all, and in failing to award or partition the estate of said decedent, Matilda Shope, to her heirs, according to the laws of descent and distribution."

It is elemental that the intention of the testator is of controlling effect in the construction of any will. While such intention must be ascertained from the words actually used in the will as a whole and from those words alone, the law permits extrinsic evidence as to the situation in which the testator was placed, the state of his family, his property and other material circumstances relating to himself individually and to his affairs, in order to discover the true intent and meaning attached by the testator to the words used in

the will. Federal Land Bank of Houston v. Little, 130 Tex. 173, 107 S.W.2d 374, Pt. 4 and authorities.

In this case it was properly shown by extrinsic evidence that Matilda Shope was about 78 years of age at the time of her death. She left no lineal descendant surviving her. During her lifetime she had two brothers and six sisters. Both brothers and five of her sisters had died prior to 1941, Bertha Rast being the only surviving sister of the testatrix. Hortense, Marguerite, Matilda, Elizabeth and Earl Rast and Mrs. Etha Stone are the children of Bertha Rast. Agnes Schwarte, a deceased sister of the testatrix, was the mother of three children, including Gertrude and Jane Schwarte. One of the deceased brothers of the testatrix left five children and certain of the deceased sisters of the testatrix left varying numbers of surviving children, none of whom were mentioned in the will except Cora Winter and Emma Froehlich.

In the case of McMullen v. Sims, Tex. Com.App., 37 S.W.2d 141, 143, it is said: "Where the testator's intention is manifest, from the context of the will and surrounding circumstances, but is obscured by an inaccurate mode of expression, the language will be subordinated to the intention, and in order to carry out the intention of the will the court will, so far as possible, depart from the strict words, and read a word or phrase in a sense different from that which is ordinarily attributed to it, and for such purpose may change the language of the will, such as rejecting superfluous words, or restricting them in their application." See also: Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148; Jackson v. Templin, Tex.Com.App., 66 S.W.2d 666; Schelb v. Sparenberg, S.Ct., 133 Tex. 17, 124 S.W.2d 322.

We think it is quite clear from the context of the will as a whole and the surrounding circumstances existing at and prior to the time of its execution, that it was not the intention of the testatrix to give, devise or bequeath any of her property to any of the children of Bertha Rast or of Agnes Schwarte, in the event Bertha Rast should survive the testatrix. On the contrary, it appears to us that it was her intention to leave all of her property, after the payment of debts, funeral expenses and the cost of placing a marker at her grave, to Bertha Rast, Cora Winter and Mrs. Henry Bunting, Sr., if they should survive her, the same to be divided among such surviving beneficiaries as follows: to Cora Winter $200.00, to Mrs. Henry Bunting, Sr., $100, and to Bertha Rast the remainder thereof. Such is the construction which the trial court placed upon the will in controversy.

Certain witnesses on behalf of appellee were permitted to testify over objections of appellants that the relationship between the testatrix and her sister, Mrs. Rast, was close and affectionate, with frequent exchange of communications between them. We are of the opinion that such testimony was properly admitted for the purpose of showing the attendant circumstances relating to the testatrix and her affairs. The only parol testimony introduced in evidence to the direct effect that Matilda Shope wanted her sister to have her property was offered by appellants and, having offered such testimony, it is our opinion that appellants are not now in position to assert error on the part of the trial court in admitting parol testimony as to the intent of the testatrix. Assuming, however, that all of the parol testimony complained of by appellants was improperly admitted, we do not think such error, if any, would require a reversal of the judgment appealed from because the context of the will as a whole, when considered in connection with the surrounding circumstances which were properly admitted in evidence, required the court below to construe the will in accordance with the judgment that was rendered.

The controversy was wholly between Bertha Rast on the one hand. and appellants on the other hand. Since the trial court properly found against the contentions of appellants, he did not err in assessing the costs against them.

Finding no reversible error in the record, the judgment of the court below is affirmed.