## SCHUWIRTH et al. v. REUTZEL et al.

### No. 11934.

Court of Civil Appeals of Texas.

San Antonio.

March 30, 1949.

Herman A. Knopp, of San Antonio, for appellants.

W. Trenckmann, of Austin, for appellees.

NORVELL, Justice.

The question presented by this appeal is whether or not the appellants, George A. Schuwirth, Willis (or Willie) Dillingham (nee Schuwirth, wife of P. M. Dillingham), Wm. C. Schuwirth and Anita McLean (nee Schuwirth, wife of J. H. McLean), are entitled to take under the last will of Louise Huppertz, who died on February 2, 1946.

The appellants were not mentioned by name in the will. They are grandchildren of Mrs. A. K. Schuwirth, a sister to Louise Huppertz. The provisions of said will, insofar as they are material upon the point here involved, read as follows:

"San Antonio, Texas.
"Last Will and Testament:

"In the name of God, Amen; I, Louise Huppertz, being of sound and disposing mind and memory, and being desirous to settle my worldly affairs while I have strength to do so, do make this my last will and testament, hereby revoking all others by me heretofore made.

"First: I give and bequeath to my relatives, as hereinafter named, all my property, real estate, personal and mixed, as hereinafter stipulated.

"Second: That my real estate be sold to best advantage, as may be found by the executors hereinafter named, and that the proceeds of sale shall be divided as stipulated below.

"Third: That all my just debts allowed by law, shall first be paid, and that from the remainder of the proceeds of sale of real estate, the division shall be made as follows, to those named hereinafter.

"Fourth: That my sister and sister-in-laws now living, and that each heir, being a descendant from the issue of marriage of my brothers and sister, shall be given an equal share from the proceeds of such sale of real estate.

"Fifth: That, should any one of the heirs now living and herein named pass away before my demise, then the bequests herein named, shall be divided among the living heirs only, and to avoid any misunderstanding, I name herein the participating heirs, who shall share in the division of the proceeds of the sale of the real estate, and also in the distribution of the personal and mixed property.

"Sixth: That the names of the heirs are: My sister, A. K. Schuwirth, and my sisters-in-law, Emmy Huppertz and Clementine Huppertz and Agnes Huppertz, and the children of my brother Charles Huppertz, who are, Meta, Josephine and Willie, and the children of my brother, Edward Huppertz, who are, Carrie, Maude, Ernest and Margaret, and the children of my sister, A. K. Schuwirth, who are, Charles. Amelie and William, and the children of my brother Hermann, who are, Mary, Paschal, George and Lillie, and the children of my brother Albert Huppertz, who are, Louis and Agathe, and the children of my brother August Huppertz, who are, Helen Fred and Grace. * * *

"In testimony whereof I have hereto set my hand, this the 5th of January, 1929.
"(Signed)   Louise Huppertz"

The trial court concluded as a matter of law that "when the testatrix, in the fourth paragraph, said 'that my sister and sisters-in-law now living, and that each heir, being a descendant from the issue of marriage of my brothers and sister, shall be given an

equal share,' etc., that she had in mind only the parties actually named in the sixth paragraph of her will; the court is aided in this conclusion by the fact that she apparently intended to divide her estate in equal shares among her sister and sisters-in-law and her nieces and nephews, making no distinction between her sister and sisters-in-law and her nieces and nephews in so far as the amount that each was to receive. In other words, in the case of her sister, A. K. Schuwirth (who was living at the time the will was executed) and said sister's three children, Charles, Amelie and William, were each to receive like shares, the niece and two nephews each to receive the same share that their mother was to receive.

"Taking the foregoing matters into consideration, it would appear, when all three paragraphs are construed together, that when the testatrix used the term 'heir' and 'heirs' and the word 'descendant' that she was referring only to those persons actually named in the will and that, as she stated in the fifth paragraph, 'should anyone of the heirs now living and named pass away before my demise,' that the bequests made by her should be divided equally among the living heirs only, that she meant that her estate (or the portion referred to in paragraphs five and six) was to be divided equally among those of the persons named in her will who were still living at the time of her death.

"Therefore, since the testatrix's sister, A. K. Schuwirth, and her said sister's three children, Charles, Amelie and William, all predeceased the testatrix, the share or shares that either of these last four-named persons would have taken (had they, or either, survived the testatrix) should be divided among those of the named persons who were living at the time of the death of the testatrix, to-wit, plaintiffs Grace Larter, Willie Huppertz, Meta Huppertz, and Josephine Trenckmann, and defendants Maude Ramella, Gretchen McElroy, Ernest Huppertz, Carrie Sherman, Helen Smith, Fred Huppertz, George Huppertz, Mary Huppertz, Charles Paschal Huppertz, Lillie Fromme, Agathe Karney, Louis Huppertz, and Clementine Huppertz; and the four children, Anita McLean, William C. Schuwirth, George A. Schuwirth, and Willis Dillingham, are not entitled to take under the terms of said will."

We are of the opinion that the trial court correctly construed the will of Louise Huppertz and the judgment appealed from is accordingly affirmed. Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148; Simmons v. O'Conner, Tex.Civ.App., 149 S.W.2d 1107.