

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00184-CV

---

IN THE ESTATE OF JIMMY ALLEN BIRD, DECEASED

---

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 23-05-07783B, Honorable Reed A. Filley, Presiding

---

June 26, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellants, Sherry Elizabeth Bird Sappington and Dana Bird, present a sole issue challenging the trial court's construction of Jimmy Allen Bird's Will and Codicil for interpreting a bequest to Jimmy's wife, Ada, "for her natural life" to mean she received a fee simple interest. Appellees, Jay Cliff (Brandon) Bird II, Russell Bird, Talina Bird, Cindy Sue Bird Shepherd, Individually and as Successor Independent Co-Executor of the Estate of Jimmy Allen Bird, and Mike Calfin as Independent Administrator for the Estate of Ada Lou Chambliss Bird (collectively Brandon), respond that (1) Sherry and Dana's notice of appeal in their capacity as Co-Executors did not confer this Court with jurisdiction; (2) the

trial court correctly construed Jimmy's Will as devising Ada a fee simple absolute interest in all of Jimmy's estate; and (3) Sherry and Dana are bound by the *Judgment on Construction of Will and First Codicil and Order of Severance.* We affirm.

The family tree below illustrates Jimmy's heirs:



## BACKGROUND

Jimmy and Ada married in 1951 and had five children, Sherry, Dana, Cindy, Jay Cliff, and Lindy. They were married for almost seventy years and operated a family ranch. Jay Cliff passed away in 2004 and had three children, Talina, Russell, and Brandon, grandchildren to Jimmy and Ada. Lindy passed away in 1970 and did not have any children. Jimmy passed away in 2020, and Ada was appointed Independent Executrix of his estate. Jimmy's Will and First Codicil were admitted to probate by order dated March 11, 2021. In Paragraph IV of the Will, Jimmy gave, devised, and bequeathed to Ada "all of my property, real, personal and mixed of whatever description and wherever located, for her Natural Life . . . ." In Paragraph VI, he gave Ada, as Independent Executrix, the "power and authority to sell, lease, encumber, partition, and divide or in any other manner

2

dispose of or convert any or all of my estate in such manner as she may see fit . . . ." By Paragraph VII, he provided "[a]ll the rest, residue of my estate, I give, devise and bequeath to [Ada] for her natural life." Although the Will provided for his heirs to inherit in equal shares should Ada predecease him, no remainder provision was included for disposition of Jimmy's property after Ada's death.

Pursuant to the authority granted by Jimmy's Will, Ada deeded four tracts of land to Brandon on May 26, 2021. He paid a gross price of $851,000.00 and after the sale, the estate netted $843,695.74. On that same date, Ada entered into a Family Settlement Agreement (FSA) with her three daughters, Sherry, Dana, and Cindy.[1] According to the FSA, which was entered into to promote "family harmony and peace," Ada and her daughters would each receive one-fourth of the net proceeds from the sale "and the community property share of [Jimmy's] Fifty percent (50%) fee simple interest in the agricultural land distributed to [Ada]" and Ada's "community property share of her Fifty percent (50%) fee simple interest in the agricultural land . . . ." The daughters agreed to fully release and discharge any and all claims to assets from Jimmy's estate.

In September 2021, Ada executed a new will distributing her entire estate to her three daughters and all three grandchildren. She gave her grandson, Brandon, the right of first refusal to purchase 5,240 acres at a specific price with the proceeds to be given to her three daughters in equal shares.

Three months later, in December 2021, Ada turned over the family ranching operations to Brandon and they entered into an Option Agreement for the purchase of the

---

[1] Sherry and Dana object to any reference by Brandon to the Family Settlement Agreement as he was not a party to the agreement. Claims related to the FSA have yet to be tried but the document provides background information relevant to the issues before this Court.

same 5,240 acres in which he was given the right of first refusal. He paid a $600,000 non-refundable option fee. The option period was the earlier of December 31, 2036, or 180 days following Ada's death. Ada passed away on January 7, 2023.

Following Ada's death, Sherry, Dana, and Cindy were appointed as Successor Independent Co-Executors of Jimmy's estate. Ada named Brandon and Dana as Co-Executors of her estate. Brandon and Dana declined to serve and Mike Calfin was appointed Independent Administrator of Ada's estate.

Ada's death triggered Brandon's right to exercise the Option Agreement and on March 31, 2023, he gave notice of his intent to do so to Sherry, Dana, and Cindy. He delivered a signed Farm and Ranch Contract to their attorneys. Cindy complied with the Option Agreement and signed the contract; Sherry and Dana refused to sign. They claimed all of Jimmy's estate did not pass in fee to Ada and that she only received a life estate. They also claimed some of Jimmy's real estate was his separate property.

Sherry and Dana's refusal to sign prompted Brandon to file an Application for Authorization for Conveyance of Real Estate with Fewer than all Co-Executors pursuant to section 307.002(b) of the Estates Code.[2] He filed the Application on May 1, 2023, by which he sought an order authorizing Cindy, as Successor Independent Co-Executor of Jimmy's estate, to close the Option Agreement. The trial court held a hearing on the Application and signed an order on July 6, 2023, granting Brandon's Application.[3] The order authorized Cindy, as Successor Independent Co-Executor of Jimmy's estate, to

---

[2] Section 307.002(b) provides in part that all executors must join in the conveyance of real estate unless the court authorizes fewer than all to act. TEX. EST. CODE ANN. § 307.002(b).

[3] The trial court's order is the subject of a separate appeal in Cause Number 07-24-00183-CV, disposed of this same date.

4

convey Jimmy's estate's interest in the Option Property pursuant to the Option Agreement. The Option Agreement closed on October 4, 2023, with Cindy and Mike, on behalf of the respective estates of Jimmy and Ada, signing a deed conveying the property to Brandon.

Prior to the trial court's order granting Brandon's Application, he filed his original petition on May 15, 2023, seeking, among other relief, construction of Jimmy's Will.[4] He specifically sought a declaration that Jimmy left his entire estate to Ada in fee simple absolute. Regarding the trial court's *Judgment on Construction of Will and First Codicil*, the trial court entered the following relevant *Conclusions of Law*:

> 3.05. As Jimmy died with a Will which was amended by a codicil, a presumption exists that all of Jimmy's Estate and property passed under Jimmy's Will and Jimmy's Codicil and that no part of his Estate passed by intestate succession. Jimmy's Will contains a residuary clause, the existence of which makes the presumption against intestacy strong.
>
> 3.08. The Operative Dispositive Terms of Jimmy's Will contain no provision for how any part of Jimmy's Estate would pass after Ada's death.
>
> 3.09. The Operative Dispositive Terms of Jimmy's Will contain no provisions for any remainder interest, nor do they contain provisions for the disposition of any remainder interest.
>
> 3.10. Despite the use of the terms "for her natural life," the failure to create a remainder as well as the failure to dispose of any remainder together with the especially strong presumption against intestacy, reflects the intent of Jimmy that Ada receive a fee simple interest in all of Jimmy's Estate under Jimmy's Will and Codicil.
>
> 3.11. The terms of Jimmy's Will and Jimmy's Codicil . . . devised Ada a fee simple absolute interest in all of the property, real, personal, and mixed of whatever and wherever located owned by [Jimmy] at the time of his death. As such, the entire Estate of Jimmy pass[ed] in fee simple to Ada upon the death of Jimmy.

---

[4] The trial proceeded on Brandon's *Third Amended Petition* by which he sought a declaration regarding construction of Jimmy's Will and Codicil. His claims were adopted by Cindy, Russell, Talina, and Mike Calfin. The trial was limited to the construction of Jimmy's Will and other claims have yet to be tried.

5

## JURISDICTIONAL ISSUE

Brandon asserts Sherry and Dana filed a notice of appeal as Co-Executors and thus, have no standing to appeal the trial court's judgment construing Jimmy's Will and severing the cause. We must resolve the jurisdictional issue before consideration of the trial court's construction of Jimmy's Will. He maintains that as Co-Executors they have no justiciable interest in the construction of Jimmy's Will. He relies on *Jennings v. Srp*, 326 S.W.2d 326, 330 (Tex. App.—Corpus Christi 1975, no writ), which involved indispensable parties to a will contest. He also cites *Nephrology Leaders & Assocs. v. Am. Renal Assocs.*, 573 S.W.3d 912, 914 (Tex. App.—Houston [1st Dist.] 2019, no pet.), dealing with standing and subject matter jurisdiction.

Sherry and Dana assert section 37.005(3) of the Texas Civil and Practice Remedies Code provides them standing to bring a declaratory action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.005(3). We find Rule 25.1(b) of the Texas Rules of Appellate Procedure confers this Court with jurisdiction over Sherry and Dana. *See* TEX. R. APP. P. 25.1(b).

The notice of appeal recites it is filed by "**SHERRY ELIZABETH BIRD SAPPINGTON AND DANA KAY BIRD** as two of the Co-Executors for the Estate of James Allen Bird . . . ." Rule 25.1(b) of the Texas Rules of Appellate Procedure provides that the filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties aggrieved by a trial court's judgment. TEX. R. APP. P. 25.1(b). Sherry and Dana, individually, and as Successor Co-Executors of Jimmy's estate, are parties impacted by the trial court's judgment and order of severance. They owed a fiduciary duty to Jimmy's beneficiaries. *Humane Soc'y of Austin & Travis County v. Austin Nat'l Bank*, 531 S.W.3d 574, 577 (Tex.

6

1975).  They were responsible for exercising reasonable care in the administration of Jimmy's estate and disposition of his property in accordance with his Will.  *Estate of Norma L. Bessire*, 399 S.W.3d 642, 649–50 (Tex. App.—Amarillo 2013, pet. denied).  Thus, they have an interest in the trial court's construction of Jimmy's Will and their notice of appeal filed in their capacity as Successor Co-Executors invoked this Court's jurisdiction.  *See St. Mina Auto Sales, Inc. v. Al-Muasher*, 481 S.W.3d 661, 667 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (noting that appellate court's reliance on standing principles to analyze appellate jurisdiction was misplaced).

### CONSTRUCTION OF JIMMY'S WILL AND CODICIL

Sherry and Dana assert the unambiguous language "for her natural life" contained in Paragraphs IV and VII of Jimmy's Will granted Ada only a life estate.  We disagree.

"An estate in land that is conveyed or devised is a fee simple unless the estate is limited by express words or unless a lesser estate is conveyed or devised by construction or operation of law."  TEX. PROP. CODE ANN. § 5.001(a).  The construction of an unambiguous will is a question of law subject to de novo review.  *Jordan v. Parker*, 659 S.W.3d 680, 684 (Tex. 2022); *Younger v. Younger*, No. 07-19-00039-CV, 2020 Tex. App. LEXIS 8399, at *6 (Tex. App.—Amarillo Oct. 22, 2020, no pet.) (mem. op.).  The cardinal rule of will construction is ascertaining the testator's intent."  *Knopf v. Gray*, 545 S.W.3d 542, 545 (Tex. 2018); *Gee v. Read*, 606 S.W.2d 677, 680 (Tex. 1980).  "The [testator's] intent must be drawn from the will, not the will from the intent."  *Gee*, 606 S.W.2d at 680.  Intent is determined from the four corners of the document.  *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000).  "In construing the will, all its provisions should be looked to, for the purpose of ascertaining what the real intention of the [testator] was; and,

7

if this can be ascertained from the language of the instrument, then any particular paragraph of the will which, considered alone, would indicate a contrary intent, must yield to the intention manifested by the whole instrument." *McMurray v. Stanley*, 69 Tex. 227, 6 S.W. 412, 413 (1887).

"[T]he very purpose of a will is to make such provisions that the testator will not die intestate." *Gilkey v. Chambers*, 146 Tex. 355, 207 S.W.2d 70, 73 (1947). The making of a will creates a strong presumption the testator intended to dispose of his entire estate and "did not intend to die intestate as to the whole or any part of his property." *See Shriner's Hosp. for Crippled Children v. Stahl*, 610 S.W.2d 147 (Tex. 1980). *See also In re Estate of Brown*, 697 S.W.3d 647, 653 (Tex. 2024).

Sherry and Dana contend Jimmy's Will granted Ada only a life estate. But there can be no life estate in property, real or personal, without a remainder. *Benson v. Greenville Nat'l Exch. Bank*, 253 S.W.2d 918, 922 (Tex. App.—Texarkana 1952, writ ref'd n.r.e.). In *Benson*, the testator left his sister a life estate in bank stock with instructions it could not be sold or traded. The testator provided that on the sister's death, the stock would pass to her four sons with the same limitation. *Id.* at 921. An issue arose on whether the sons had also received only a life estate in the stock. The appellate court concluded the four sons received the stock in fee simple because they were the named remainderman in the testator's will. *Id.* at 922. The court voided the restriction that the sons could not sell or trade the stock. *Id.* at 923.

Sherry and Dana argue the use of "for her natural life" in Paragraphs IV and VII of Jimmy's Will is rendered useless if this Court holds the failure to include a remainder provision results in a grant of a fee simple estate. They rely on various cases from this

8

Court containing similar language which they assert support their position. Those cases, however, are distinguishable.

In *Montgomery v. Browder*, 930 S.W.2d 772 (Tex. App.—Amarillo 1996, writ denied), the testatrix granted her sister "[a]ll the rest, residue and remainder of my estate, real and personal and wheresoever situated . . . for her natural life with remainder over at her decease as is hereafter set forth in Paragraph V . . . ." *Id.* at 774. The remainder paragraph named the remaindermen upon her sister's death. *Id.* The testatrix in *Montgomery* intended to bequeath only a life estate to her sister and clearly provided for disposition of her estate after her sister's death. Although Jimmy used "for her natural life," he made no provision for the disposition of the remainder of his estate making an intent to grant Ada a life estate doubtful.

A declaratory judgment was sought in *Medlin v. Medlin*, 203 S.W.2d 635, 637 (Tex. App.—Amarillo 1947, writ ref'd), to determine whether a limited or general life estate was bequeathed. The testator left his wife "all of my property, real, personal and mixed, wherever located, to have the use and benefit of the same during her natural life, and at her death, all of such property in her hands shall completely vest in my children, share and share alike . . . ." The will further provided, "[i]t being my intention herein that my wife shall have the full and complete management, use and enjoyment of all of my property during her said life time, including all rents and revenues to be derived therefrom, and with full authority, if in her judgment necessary, to sell and convey any portion thereof for the purpose of paying debts, or to be used by her during her life time, . . . but any of such properties remaining on hands at the time of her death . . . *shall*, *upon her death*, *vest in and become the property of my said children and their descendants* . . . ." *Id.* at 637–38.

9

(Emphasis added). The testator clearly expressed his intent to grant his wife only a life estate with instructions that his property immediately vest in his children and their descendants upon his wife's death. Jimmy's Will deviates from the circumstances in *Medlin* because he did not provide a remainder provision for disposition of his property upon Ada's death.

Sherry and Dana rely on *Sullivan v. Hatchett*, No. 07-17-00296-CV, 2019 Tex. App. LEXIS 980 (Tex. App.—Amarillo Feb. 11, 2019, no pet.), to support their assertion that Jimmy's Will created a partial intestacy. In *Sullivan*, the testator left his wife a life estate. The will gave her "[a]ll of my said property, community and separate, which we may own at the time of my death, for so long as she shall live, with power of sale, if necessary, of any of my said estate, hereby intending to give a life estate only to all of my said real and personal property . . . during her lifetime, and to receive all income, rents, revenues and royalties of every kind and description during her lifetime . . . even to the point of completely depleting said life estate." *Id.* at *2–3. The testator also provided a residuary clause in the event his wife predeceased him or they died simultaneously. The clause, however, failed to dispose of one hundred percent of the estate by leaving sixty percent of the residual estate unaccounted for thereby creating a partial intestacy. *Id.* at *3. The trial court granted summary judgment decreeing distribution of one hundred percent of the testator's residuary estate thereby contradicting the intent of the testator expressed in the four corners of his will. *Id.* at *7.

In reviewing the summary judgment, this Court reversed the trial court's declaration. While this Court acknowledged the law does not favor the construction of a will that results in partial intestacy, we held the residuary clause failed by not making a

10

complete disposition of property which resulted in a partial intestacy.[5] *Id.* at *10 (citing *Van Hoose v. Moore*, 441 S.W.2d 597, 604 (Tex. App.—Amarillo 1969, writ ref'd n.r.e.)). The undistributed sixty percent of the estate became subject to disposition according to the laws of intestate succession. *Id.*

Sherry and Dana assert the same circumstances present in *Sullivan* are before this Court and to hold differently would upend *stare decisis*. They assert Ada's use and enjoyment lapsed at her death and the remainder vested immediately in Jimmy's heirs. We disagree.

Only in exceptional cases will courts uphold a partial intestacy. *Stahl*, 610 S.W.2d at 152. *Sullivan* was an exceptional case as was *Bittner v. Bittner*, 45 S.W.2d 148 (Tex. Comm. App. 1932). In *Bittner*, a bequest of property lapsed due to the death of a devisee before the death of the testatrix and no provision was made for the subject property in the residuary clause of the will. The lapsed bequest became a part of the estate undisposed of by the will. The court was faced with deciding whether the testatrix intended for the property to be disposed of in the residuary clause or be distributed under the laws of intestacy. *Id.* at 149. The court held the testatrix did not express an intent for the lapsed bequest to be included in the residuary clause and resulted in a partial intestacy. *Id.* at 152.

Jimmy's Will does not present an exceptional case such as in *Sullivan* or *Bittner*. Based on the entirety of Jimmy's Will, he did not intend the phrase "for her natural life" to create a life estate. He made no provision for the disposition of his estate upon Ada's death. To reiterate, there can be no life estate in property without a remainder provision.

---

[5] The dissent in *Sullivan* disagreed and emphasized the mandate against intestacy when a will is subject to different constructions. *Sullivan*, 2019 Tex. App. LEXIS 980, at *20 (Campbell, J. dissenting).

*Benson*, 253 S.W.2d at 922. The absence of any remaindermen in Jimmy's Will is a strong indicator he did not intend to give Ada only a life estate. *Id.* The two paragraphs relevant here express Jimmy's intent to grant Ada a fee simple estate.

Additionally, the construction advanced by Sherry and Dana would result in a partial intestacy in a case that is not exceptional and would directly conflict with Jimmy's intent to dispose of his entire estate. His execution of a will and codicil and the four corners of those documents strongly indicate his intent not to die intestate.

Generally, the greatest estate will be conferred on a devisee that the terms of the devise permit. *Id. See Trial v. Dragon*, 593 S.W.3d 313, 322 (Tex. 2019) ("[C]ourts will construe a deed to confer upon the grantee the greatest estate that the terms of the instrument allow."). To overcome the presumption that Jimmy intended to give Ada a greater estate, his Will would have had to clearly and unequivocally provide for a life estate. *Id.* Without a remainder provision in Jimmy's Will, it does not "clearly and unequivocally" provide a life estate to Ada. In applying de novo review, we find no error by the trial court in construing Jimmy's Will and Codicil as granting Ada his entire estate in fee simple.

Finally, Brandon argues Sherry and Dana are bound by the trial court's judgment because they did not assert a compulsory counterclaim under Rule 97(a) of the Texas Rules of Civil Procedure. They respond they were not required to because Brandon "pled two possible constructions under the will" and they request this Court render a take-nothing judgment against Brandon. By his live pleading, Brandon did not assert two possible constructions under Jimmy's Will. Instead, in the "Arguments and Authorities" section of his brief in support of his Application for Authorization for Conveyance, the

12

subject of a separate appeal, he acknowledged an issue existed with construction of Jimmy's Will and proposed the two possible constructions. He neither pleaded nor conceded two possible constructions. Regardless, our disposition finding no error by the trial court in its construction of Jimmy's Will renders it unnecessary to discuss the issue of a counterclaim or rendition as a remedy. *See* TEX. R. APP. P. 47.1 (pretermitting discussion of issues not necessary to disposition).

## CONCLUSION

The trial court's *Judgment on Construction of Will and First Codicil and Order of Severance* is affirmed.

Alex Yarbrough
Justice